AUSTIN *v.* AUSTIN.

Opinion delivered April 5, 1920.

1.  DIVORCE—FAILURE TO GIVE BOND.—Where only the intervener in a divorce proceeding, who claimed the property ordered to be sold for division, under Kirby's Digest, section 2684, appealed from the decree, plaintiff's failure to give the bond for restoration of the property as required by the statute is not reviewable on appeal as it did not affect the intervener's rights.

2.  DIVORCE — JURISDICTION OVER PROPERTY.—Where a wife's complaint for divorce asked a division of property, under Kirby's Digest, section 2684, the court acquired jurisdiction *in rem* of the husband's property, though there was no personal service on defendant nor seizure of the property under attachment or otherwise.

3.  DIVORCE—JURISDICTION TO DECLARE LIEN ON LAND.—If the filing of a complaint for divorce by a wife gave the chancery court no jurisdiction *in rem* to declare a lien on the husband's land for the wife's share of his personal property fraudulently removed by him from the State, the court acquired such jurisdiction as against a purchaser from the husband pending the suit upon such purchaser intervening in the suit.

4. DIVORCE—DIVISION OF PROPERTY.—Though Kirby's Digest, section 2684, providing that in a decree of divorce in favor of the wife she shall be entitled to one-third of the personal property absolutely, does not authorize a division of personal property fraudulently removed from the State by the husband, a court of equity has power to declare such lien under its general powers to grant relief from fraud.

5. DIVORCE—LIEN FOR ATTORNEY'S FEE.—In a suit for divorce where decree was in favor of the wife, the court had authority to declare a lien in favor of her attorney for his fee upon the real estate conveyed by the husband to defraud his wife.

Appeal from Benton Chancery Court, *Ben F. McMahan,* Chancellor; affirmed.

*Rice & Rice,* for appellant.

The court's jurisdiction on constructive service is limited, and it was error to hold that the court had power and jurisdiction to find the value of Oscar Adams' personal property and fix a lien on his real estate for $400. The court could not minimize or lessen the effect of our divorce statute (Kirby's Digest, § 2684); 5 Ark. 608; 126 *Id.* 164. See also Kirby's Digest, § § 6254, 6223, 6259. The mere filing of a complaint gives the court no jurisdiction over the property of the defendant further than to make the necessary orders as to the wife's alimony. 38 Ark. 119; 23 Cyc. 688, 733; 42 Ark. 441; 3 Ann. Cas. 727; 133 Am. St. 1030; 32 N. E. 71; 54 *Id.* 370; 63 Pac. 1065; 45 *Id.* 884.

2. Excepting a plaintiff come within section 6060 of Kirby's Digest the cause of action is transitory and the court was without jurisdiction to litigate this cause without proper service, and the alimony statute is governed by Kirby's Digest, § 6060.

*McGill & McGill,* for appellee.

1. The court had jurisdiction, and no attachment nor bond was necessary. Kirby's Digest, § 6263.

2. The authority of the court was not limited to a decision of the specific property within the jurisdiction of the court under § 6263 of Kirby's Digest.

3. No bond was necessary under § 6254.

4. By the divorce suit jurisdiction was acquired over the property of the defendant for any purpose necessary to give the wife that portion of her husband's property or its value which section 2684 of Kirby's Digest provides for her. See 38 Ark. 119; *Ib.* 324, 477; 125 *Id.* 309; 14 Cyc. 745-6; act March 28, 1893, Acts 1893, p. 176; 64 Ark. 518; 66 *Id.* 305; 124 *Id.* 391; 94 *Id.* 485; 101 *Id.* 522; 121 *Id.* 64; 126 *Id.* 164.

5. A failure to give bond does not render the judgment void. It is only an error to be corrected by appeal. 126 Ark. 164; 1 Metc. (Ky.) 342, 649.

6. The court has jjurisdiction for all purposes, having obtained it for one purpose. 133 Ark. 160; 37 *Id.* 286; 130 *Id.* 301; 38 *Id.* 397. See also 17 Ark. 587; 52 *Id.* 499; 53 *Id.* 545; 54 Am. St. 604; 72 *Id.* 636; 43 S. W. 891; 90 Am. St. 736; 13 Am. Dec. 239.

McCulloch, C. J. Appellee, Ella Austin, and her husband, Oscar Austin, resided together in Benton County, Arkansas, until February 23, 1917, when there was a separation. They have one child the issue of their intermarriage. Oscar Austin owned the quarter section of land which is the subject of the controversy on this appeal, and in addition to household effects he owned personal property, consisting mostly of live stock, of the value of $1,200. On March 7, 1917, appellee filed the original complaint in the present action against her husband for divorce and for allotment of her share of the property which she was entitled to under the statute providing that in a final judgment for divorce granted the wife against the husband she "shall be entitled to one-third of the husband's personal property absolutely, and one-third of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property, both real and personal, to which such wife is entitled; and when it appears from the evidence in the case, to the satisfaction of the court, that such real estate is not susceptible of

the division herein provided for without great prejudice
to the parties interested, the court shall order a sale of
said real estate to be made by a commissioner," etc.
Kirby's Digest, § 2684.

Process was issued for personal service, but the
service thereof was evaded by the defendant, Oscar Aus-
tin, who left the State after the commencement of the
action and carried away his aforementioned personal
property, except household goods. Subsequently appel-
lee filed proper affidavit for warning order, which was
published as required by law. During the pendency of
the action, appellant, Fannie Austin, who is the mother
of Oscar Austin, intervened in the action, claiming that
she was the owner of the land in controversy by purchase
from the defendant. Oscar Austin did not appear in the
action.

The cause was heard by the court, and a decree for
divorce was granted in appellee's favor, and the decree
was also in favor of appellee for the custody of the child
and for division of the property in accordance with the
statute quoted above. The court found in the first place
that the land was not susceptible of division and ordered
a sale by commissioner for the purpose of dividing the
proceeds in accordance with the terms of the statute.
The court also found that the defendant had left the
State for the purpose of evading process in this action
and that he carried away the personal property for the
purpose of preventing appellee from obtaining a decree
in this action for her share of the property, and that the
sale and conveyance of the land in controversy by the
defendant to appellant was done for the fraudulent pur-
pose of cheating and defrauding appellee out of her rights
under the statute, and that appellant participated in the
fraud. The court, therefore, ascertained the value of
the personal property and declared a lien in appellee's
favor for the value of her share thereof on the remain-
ing interest in the real estate, or the proceeds thereof.

The testimony in the case is not abstracted, and it
is conceded that it was sufficient to support the findings

of the court. The intervener, Fannie Austin, has appealed, but the defendant has not appealed, and does not appear in this court. The appeal raises, therefore, only such questions as affect the rights of the appellant. The failure of appellee to give bond for restoration of the property, as required by statute, is not open to review on this appeal, as it does not affect the rights of appellant.

It is contended, however, that the court was without jurisdiction to decree a lien on the land in favor of appellee for the value of her interest in the personal property for the reason that there was neither personal service, or process on the defendant nor sequestration of the property by attachment or otherwise. We held in the case of *Allen* v. *Allen,* 126 Ark. 164, that a suit for division of property under the statute in divorce proceedings was a proceeding *in rem,* and that the filing of a complaint gave the court jurisdiction to divide the property in accordance with the terms of the statute, or to order a sale where there could be no division. The point is not properly before us to decide whether or not the court, in the absence of personal service of process or a sequestration of the property under process of the court, acquires jurisdiction in a divorce proceeding to declare a lien on the surplus proceeds arising from the sale of real estate in order to award to the wife her share of the real estate. If it be conceded that jurisdiction was not acquired by merely filing the complaint, still it was acquired on the intervention and cross-complaint of appellant, who asserted title to the property under purchase from the defendant during the pendency of the litigation. This raised an issue between appellee and appellant with respect to this property, and the proceeds thereof, and the prosecution of an appeal by the intervener alone raises only such questions as affect her rights or interest in the property.

There is, however, a very serious question raised as to whether or not the court had jurisdiction under any circumstances to decree the wife a lien on her husband's

real estate for the value of her share in the personal property of which she had been deprived by the wrongful act of the husband. The statute under which the proceedings are had clearly and unmistakably provides for an allotment of specific property, and not a decree for the value. It is plain, therefore, that the statute itself does not declare a remedy for property which is not available for division at the time of the decree. The statute does, however, declare the rights of the wife in the property, and if a remedy exists at all it must be found under general principles whereby equity affords a remedy for a wrongful deprivation of existing rights.

We have reached the conclusion that under the ordinary powers of a court of equity such remedy exists. The statute itself does, as before stated, provide the rights of a wife who is entitled to and is given a decree for divorce. It provides that the wife "shall be entitled to one-third of the husband's personal property absolutely." Fraudulent conduct of the husband in carrying the property out of the jurisdiction of the court during the pendency of the action brings the case within the ordinary powers of the court of equity to grant relief from fraud. It does not constitute the creation of a new remedy, but merely a new application of the well-established remedy afforded under the peculiar powers of a court of equity. The finding by the court that the property was taken away from the jurisdiction of the court with the fraudulent intention of depriving appellee of her share thereof, and the finding that the defendant conveyed the real estate to appellant for the fraudulent purpose of defeating the rights of appellee, called for an application of the principle upon which this remedy is founded.

The court also decreed to appellee the recovery of the sum of $150 as her attorney's fee. The reasonableness of the amount of the fee allowed is not disputed, and we are of the opinion that it was not improper to make the allowance as a lien on the real estate which the defendant had conveyed to appellant in fraud of the rights of appellee. This does not result in any way from the

statute quoted above, but upon general principles of equitable relief against fraudulent conveyances.

Affirmed.