Sheppard *v.* Sheppard.

Opinion delivered March 17, 1930.

*S. W. Garratt,* for appellant.

*C. T. Cotham,* for appellee.

McHaney, J. Appellant and appellee are husband and wife, having been married in Benton, Arkansas, September 23, 1927. They lived in Hot Springs from that time until June, 1928, when they removed from thence to Centerville, South Dakota. They first lived at 104 Dower Street, and later moved to a house on Rector Street. Both of them had previously been married, and each had children by such former marriage. In February, 1928, as a result of a quarrel, they separated. Appellee worked for the telephone company, but appellant was not employed. The separation arose over a trivial matter, and in a few days they went back together again. In July, 1928, after they had removed to South Dakota to make it their home, they began having trouble again, and separated on the 18th day of that month. Appellee brought an action for separate maintenance against appellant in South Dakota, and, while that action was pending, appellant returned to Hot Springs, and on August 23 instituted this action for divorce against appellee, alleging cruel treatment and

general indignities such as to render his condition intolerable. Appellee then came to Arkansas, filed an answer to appellant's suit, denying the existence of a ground for divorce in his favor, and also filed a cross-complaint against him, alleging a similar ground for divorce. The court made a temporary order for support money, attorney's fees and court costs against appellant, the order for support being made on September 18, awarding to appellee all the rents and income accruing from the house located at 233 Henderson Avenue, which is located on lot 9, block 6, of Oaklawn subdivision of Hot Springs. Appellant was also ordered to pay certain expenses appellee had incurred in moving back to Hot Springs, and, on his failure to comply with this order, his complaint was dismissed. The case proceeded to trial on the cross-complaint of appellee, and the court refused to grant a divorce to either party on the ground that neither had been a *bona fide* resident of the State of Arkansas for one year next before the commencement of the action, and for that reason the court held that it was without jurisdiction. The court, however, made the temporary order of September 18, 1928, awarding her the rents and income from the house at 233 Henderson Avenue permanently, the decree stating "that said defendant and cross-complainant, Willie Sheppard, continue to have the rents and income from said home at 233 Henderson Avenue, or the right to the free use and occupancy of the same, as permanent maintenance." From this decree there is an appeal and cross-appeal.

We think the chancery court correctly refused to grant a decree of divorce to either party. Regardless of whether the parties had been residents of the State for one year next before the commencement of the action or not, a question we do not find it necessary to decide, there was no substantial corroboration of the testimony of either party to justify the court in granting the divorce. We do not review the testimony, as it would serve no useful purpose, but we have examined it very carefully and find it insufficient.

Appellant owned the property at 233 Henderson Avenue, as well as a home in South Dakota. On July 19, 1928, he conveyed his property in Hot Springs to his father, O. C. Sheppard, for an expressed consideration of $1 and love and affection. Appellee alleged that this conveyance was voluntary, and in fraud of her marital rights. She made the father, O. C. Sheppard, a party, and asked that the deed be canceled. He failed to appear and make any defense to the action, but wholly made default, and we think the court should have canceled said deed as having been made in fraud of her rights.

Appellant contends that the court erred in awarding appellee support money to the extent of the rents and profits in said property, but he is in no position to complain about this allowance. By his own voluntary deed he attempted to divest himself of any interest therein by a conveyance to his father. If his deed conveyed anything to the father, the father was the proper party to make objections. By his failure to appear in the chancery court and by his failure to appeal to this court, he is presumably consenting thereto, in so far as any interest he may have in the property is concerned. Therefore, appellant is in no position to complain about the allowance made for separate maintenance.

It appears that appellee's counsel has been allowed a fee of only $25 for his appearance in her behalf in the chancery court. We think an additional allowance for $25 should be made for his services in this court. The decree will be affirmed on the appeal, and reversed and remanded on the cross-appeal, with directions to cancel the deed from appellant to his father, appellant to pay all costs of this appeal, including a fee of $25 to appellee's counsel. It is so ordered.