### CASSELL *v.* CASSELL.

4-8145                                     200 S. W. 2d 965

Opinion delivered April 14, 1947.

N. J. Henley, for appellant.

William T. Mills, Jr., and William T. Mills, for appellee.

McHaney, Justice. This was an action for divorce brought by appellee against appellant on the ground of general indignities. A cross-complaint by appellant charged appellee with misconduct in keeping company· with another man. Appellant was inducted into the armed forces of the United States in April, 1944, and was discharged in May, 1946, a goodly portion of his service being rendered overseas, in the E. T. O. They have a young son, about six years of age at the time of trial, whose custody is here involved. They had acquired a homestead in the city of Marshall, due to their joint efforts, title to which is in appellant. The possession and use of this homestead is also here involved, as also that of a 1940 Chevrolet car.

Due to an admitted act of condonation which occurred shortly before the trial in the lower court, the complaint and the cross-complaint were dismissed as being without equity, in so far as each sought a divorce from the other. The court found that appellee is the owner of the car and is entitled to its possession. Also that she is entitled to the temporary custody of the child, and the custody of the dwelling property, used and occupied as their homestead. A decree was entered in accordance with these findings, from which comes this appeal.

For a reversal of this decree appellant contends first that the court erred in granting appellee the possession of the homestead, and was without power to award her the car, the family bankroll and all the furniture in the home. We think the decree as to the homestead and its contents did not amount to an order of permanent distribution. It vested no title thereto in her. It gave her only "the custody of the dwelling property, used and occupied as their homestead." She and their child had been residing therein all the time appellant was away in the armed services, except such time as she spent with him at army camps where he was undergoing training before going overseas. We think the trial court had the jurisdiction to make the order here made. *Austin* v. *Austin*, 143 Ark. 222, 220 S. W. 46; *Sheppard* v. *Sheppard*, 181 Ark. 367, 26 S. W. 2d 88. As to the 1940 Chevrolet car awarded to appellee, the proof shows she bought the

car in her own name and received a bill of sale thereto, so we think the court correctly awarded the car to her as her own.

It is also argued that the court erred in giving appellee temporary custody of their infant son. We do not agree. Appellant is not in a very good position to argue appellee's unfitness to have the custody of their six-year-old child. Whether his charge of unfitness is real or fancied, the proof fails to show such depravity as would justify us in upsetting the finding of the trial court in this regard, even though appellant's act of condonation had not occurred. But such an act did occur, after he had filed his answer and cross-complaint.

We think it would serve no useful purpose to set out the evidence in this regard or to further publicize charges which have been condoned. We express the hope that the love of each for their little son and their evident attachment for each other may bring them back together in a reunited and happy home.

Affirmed.