WALLS v. WALLS.

5-1136                                    297 S. W. 2d 648

Opinion delivered January 14, 1957.

*Shaver, Tackett, Jones & Lowe,* for appellant.

*Joe Rosenbloom* and *Van Johnson,* for appellee.

CARLETON HARRIS, Chief Justice. Appellee, Pearl Roberson Walls, a resident of Miller County, instituted suit in the Miller Chancery Court on February 4, 1956, against her husband, Dee Clark Walls, seeking divorce.

The complaint alleged that the parties were married in Miller County, November 1, 1942, and lived together as husband and wife until January 30, 1956; that defendant treated her with contempt, indifference, and studied neglect; that he struck her on many occasions, frequently absented himself from home, and that this course of conduct was pursued to such an extent that her condition in life became intolerable. The complaint stated that five children were born of the marriage, and that the defendant earned $100 per week. Plaintiff prayed for a divorce, for care and custody of the five minor children, and for a reasonable amount for the support and maintenance of said children. Appellant (defendant) denied that he had committed any acts which would entitle appellee to a divorce, denied that appellee had any cause to leave him, denied that appellee is the proper person to be given the care and custody of the minor

children and prayed that the court deny appellee's petition, and that he be awarded the care and custody of said children.

The Chancellor, after hearing the evidence, passed the case for nearly a month to give the parties an opportunity to adjust their differences and go back together; however, they were unable to do so, and on April 26, 1956, the court decided the issues. Formal decree was entered on May 21, 1956. The Chancellor found that appellee had failed to establish a cause for divorce, that she had no meritorious cause for leaving her husband and refusing to live with him, and that her complaint for divorce should be dismissed for want of equity. The court further found that "if plaintiff refuses to return to and live with her husband, defendant should vacate the farm home in order that plaintiff and said children may live there; that if plaintiff will no longer live and cohabit with her husband, plaintiff should have care and custody of said children, subject to reasonable visitation rights in the defendant; and defendant should pay the plaintiff the sum of $31.25 per week, beginning April 28th, 1956, for the care and support of plaintiff and maintenance of said children, that defendant should furnish plaintiff a milch cow, and afford plaintiff the use of an automobile." In accordance with said finding, and the further fact that the court was convinced appellee would not return and live with defendant, it was ordered and decreed that appellee be awarded the care and custody of all the children, together with the use and occupancy of the farm home (which they held as an estate by the entirety). Appellant was ordered to vacate the home, and directed to pay to appellee the sum heretofore set out for her support and that of said children. From the order requiring him to vacate the home place, and giving to appellee the custody of the children, appellant brings this appeal; appellee cross appeals the decision of the Chancellor in denying her petition for divorce.

Appellee's allegations of mistreatment dealt largely with the supposed infidelity of her husband. She testified that he would not come directly home from work,

but would frequently come in several hours late, often went on fishing trips, and in both instances, returned frequently with lipstick on his shirt. Various incidents were related that led her to believe that appellant was "carrying on an affair" with another woman. No point would be served in detailing the testimony, other than to say there is little, if any, corroboration of the charges made by appellee. Repeated "fusses" occurred between the parties, generally resulting from appellee's belief that appellant was unfaithful; and on January 30th, 1956, after a heated quarrel, appellee left, with the two youngest children, and went to her father's home in Texarkana, where she resided until the time of this hearing. The three older children were at school, which was her explanation for not taking them with her, though the record does not reflect that she made later efforts to remove them to the premises where she was living. The three older children, (the eldest being a girl 13 years of age) continued to reside with their father, and this 13 year old daughter stated that if her parents would no longer live together, she preferred to live with appellant, and that this feeling was concurred in by the other two. While it cannot be said that appellant was totally blameless for the marital difficulties,[1] still, it definitely appears that appellee was principally at fault. To say the least, she falls far short of establishing that appellant committed such acts as would entitle her to a divorce.

We accordingly feel that the learned Chancellor held correctly in denying her a divorce, and we further agree with the finding in the decree "that plaintiff has established no meritorious cause for leaving her husband and three older children and refusing to live with him." Yet, despite such finding, the Chancellor ordered appellant to vacate the premises, gave the custody of the five children to appellee, and directed an award of support, not only for the children, but also for the plaintiff. Hence, we have the unique situation of the court finding

---

[1] For instance, instead of telling or explaining to his wife where he had been, appellant would frequently and impatiently tell her it was none of her business; he also admitted slapping her several times on one occasion when she had spat in his face.

that Mrs. Walls had no right to leave her husband and three older children, (finding that she had failed to establish alleged wrongful acts on his part), and yet making an award commensurate with establishment of cause of action. In other words, she was treated as the successful party, and appellant, though by the court's own finding, innocent of any wrong doing that would justify appellee in leaving, was treated as the guilty party. This court has held in *Woodall* v. *Woodall,* 144 Ark. 159, 221 S. W. 463, and *Heinrich* v. *Heinrich,* 177 Ark. 250, 6 S. W. 2d 21, that where a divorce is granted to the wife, the court may award to her the use of a homestead, because she is the innocent party. There is no question but that if appellee had established a cause of divorce, (or even separate maintenance) the Chancellor, in awarding her the use of the home property, would have been entirely correct, and an award of maintenance for her personal support would have been proper. Under the court's findings, she is not entitled to maintenance. In addition to the homestead, this is also an estate by the entirety, with the parties holding equally. Each has the same right under the law to share the property. Both hold the same interest. Appellee has a perfect right to return to the home and live there with appellant. In fact, the record reflects that he has urged her to do so, but appellee emphatically refuses. We recognize that the Chancellor was using his best judgment in trying to solve a most difficult situation, and that he was earnestly endeavoring to promote the re-establishment of the marital relationship, but we think it was error to dispossess appellant under the facts in this case. The factual situation here is different from that which existed in *Cassell* v. *Cassell,* 211 Ark. 489, 200 S. W. 2d 965.

Determining the custody of the children presents a more difficult problem. It is well established that children, where possible, should remain together. It is likewise true that the law favors granting custody of small children to the mother. This, however, is not a "hard and fast" rule, and each case must be governed by its own particular circumstances. We feel that the two young

children, taken away from the home by the mother, should remain with her. We think, however, that the Chancellor should have left the custody of the three remaining at home, with the father. As far as the record shows, the children, in each location, have been well cared for, and both parents seem to be morally qualified to have the custody. Near the home place, appellant constructed a residence for his invalid mother and sister, and the sister seems capable of looking after these children, all of whom are of school age. It is with reluctance that we separate these youngsters, but it is felt that under the circumstances, their best interests will be served, as well as the best interests of their parents.

While this modification of the order of the Chancellor is not based upon such act, it must be remembered, (and is somewhat persuasive) that appellee, of her own free will, and according to the court's decree, without cause, left these three children, to be looked after by their father.

For the reasons set forth above, that portion of the decree awarding the use and occupancy of the farm home to appellee, and directing that appellant vacate same, is set aside. Appellant is given the custody of the three older children, Joyce Maxine, age 13 years, Clovis Wayne, age 11 years, and Janice Kay, age 9 years. The custody of the two smaller children, Kathey Ann, age 5 years, and Terrell James, age 1, will remain with the mother as ordered by the Chancellor. The Chancery Court is directed to make a proper adjustment as to the amount of maintenance to be paid for the support and care of the two minor children remaining with appellee.

Affirmed on cross appeal. Modified and remanded as herein indicated on Direct Appeal.

Justices GEORGE ROSE SMITH, WARD, and ROBINSON dissent.