WALLS *v.* WALLS.

5-2201                                      339 S. W. 2d 430

Opinion delivered October 31, 1960.

*George F. Edwardes,* for appellant,
*Stroud & McClerkin,* for appellee.

CARLETON HARRIS, Chief Justice. This is the second appeal involving these parties. In *Walls* v. *Walls*, 227 Ark. 191, 297 S. W. 2d 648, this Court upheld the action of the Chancellor in refusing to grant appellee, Pearl Roberson Walls, a divorce, but modified the court's decree by directing that appellant, D. C. Walls, be given custody of the three older children born of the marriage, and Mrs. Walls retain custody of the two younger children. The trial court's order directing appellant to vacate the farm home, owned as an estate by the entirety by Mr. and Mrs. Walls, was set aside. Since that time, appellant, and the children whose custody was placed in him, have continued to occupy the home place.[1] Mrs. Walls did not return to the home, and has lived with the two younger children at the Bramble Courts in Texarkana. She is presently employed, and earns ''take home pay'' of $37 per week.

Appellant instituted suit for divorce on February 16, 1959, alleging desertion, and continuous separation for a period of three years without cohabitation. An answer was filed by appellee, admitting the three years separation, but denying that Mr. Walls was the injured party. On hearing, the court granted appellant a divorce upon the ground of three years separation; awarded the custody of the two older children, Clovis Wayne Walls, age 15, and Janice Walls, now 13, to appellant, and awarded the custody of the two younger children, Cathy Ann Walls, age 9, and Terrell Walls, age 5, to appellee. Appellant was directed to pay to Mrs. Walls the sum of $25 per week for the care and support of the minor children in her custody. The court further ordered appellant to pay certain hospital and medical bills that had accrued, and an additional fee[2] of $100.00 to appellee's attorneys. No order was made relative to the home property, other than a finding by the court that Mr. and Mrs. Walls owned this property as an estate by the entirety. From such decree, appellant brings this appeal.

---

[1] The eldest child, a daughter, has since married and moved away.
[2] Appellant had already paid $100.00 to appellee's attorneys.

Appellant contends (1) that the court erred in awarding the custody of the two younger children to Mrs. Walls, (2) that the decree should have granted appellant the right of subrogation upon payment of the mortgage indebtedness on property belonging to the parties, (3) that the court erred in ordering the payment of attorneys' fees to appellee's attorneys because she was the party at fault, (4) the court erred in ordering Mr. Walls to pay hospital and doctor bills for the reason that appellant had adequate insurance for such purposes, and was entitled to co-operation from appellee in filing proof of loss, (5) that the court erred in failing to protect the equitable estate of Mrs. Zora Walls, mother of appellant, in the property involved in this litigation, and (6) that the award for maintenance for the two smaller children was excessive.

Appellant argues that since Mrs. Walls left her husband, and the home, without cause (See *Walls* v. *Walls, supra*), the awarding of custody of the two younger children to her was improper. In the first case we stated:

"Determining the custody of the children presents a more difficult problem. It is well established that children, where possible, should remain together. It is likewise true that the law favors granting custody of small children to the mother. This, however, is not a 'hard and fast' rule, and each case must be governed by its own particular circumstances. We feel that the two young children, taken away from the home by the mother, should remain with her. We think, however, that the Chancellor should have left the custody of the three remaining at home, with the father. As far as the record shows, the children, in each location, have been well cared for, and both parents seem to be morally qualified to have the custody. Near the home place, appellant constructed a residence for his invalid mother and sister, and the sister seems capable of looking after these children, all of whom are of school age. It is with reluctance that we separate these youngsters, but it is felt that under the circumstances, their best inter-

ests will be served, as well as the best interests of their parents.''

There was no evidence in the present hearing which indicates that circumstances have varied to the extent that a change in custody would be justified. We have held that ''a decree fixing the custody of a child is, however, final on the conditions then existing, and should not be changed afterwards unless on altered conditions since the decree, or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child.'' See *Blake* v. *Smith,* 209 Ark. 304, 190 S. W. 2d 455, and cases cited therein.

Relative to his second contention, the record reflects that the home property was mortgaged in the amount of $1600.00, payable in annual installments of $400.00, for which the parties hereto are jointly liable. In the first place, the right of subrogation is not sought in the pleadings, appellant only asking ''that the title to his property be clear''; nor is there anything in the record to suggest that appellee will not join in the payments. At any rate, it appears that the indebtedness has not yet been satisfied, and we have held on numerous occasions that subrogation cannot be claimed until the entire indebtedness is paid. See *North Arkansas Milling Company* v. *Lipari,* 231 Ark. 965, 333 S. W. 2d 713, and cases cited therein.

In regard to point three, the awarding of attorneys' fees is within the sound discretion of the trial court, and the order of that court will not be disturbed unless there has been an abuse of discretion. In *Laird* v. *Laird,* 201 Ark. 483, 145 S. W. 2d 27 (1940), a divorce was granted the husband, the court finding the wife to be at fault. The trial court allowed alimony, and an attorney's fee for appellant's attorney. This Court, though affirming the decree of divorce, and thereby sustaining the trial court's view that the wife was at fault, not only upheld the right of the trial court to award alimony, and fix an attorney's fee for the wife's attorney, but also held that the amounts granted by the trial court

were too small, and directed that larger allowances be made. We find no abuse of discretion by the Chancellor in the order relating to attorneys' fees in the cause before us.

Appellant was ordered to pay accrued medical bills (the record is silent as to the amounts involved), which appellee testified were bills due for services rendered to the children in her custody. We have held that the father is liable for medical services rendered to his children. *Bradas* v. *Downing,* 202 Ark. 90, 150 S. W. 2d 27 (1941). Appellant does not question the amount involved; his complaint is that he carried insurance which would have covered these bills, but that appellee did not notify him in time for a claim to be timely filed. Mrs. Walls testified that she did not know that the insurance provided complete medical care for the children, until so advised by appellant, and this knowledge was obtained at a time when it was too late to file for benefits. Of course, appellee could not be expected to give notice concerning coverage which she knew nothing about. We think it well, however, to point out, that Mrs. Walls certainly is now aware of the fact that Mr. Walls carries this type of insurance, and henceforth, she should co-operate in every respect with appellant by notifying him immediately of any medical bills incurred, and assisting, as may be required, in filing claims for benefits.

The next alleged error deals with the failure of the court to convey one acre of the property herein involved to Mrs. Zora Walls, mother of appellant. The record reflects that at the time the house was built on the land, the mother and a sister of Mr. Walls provided approximately $650.00 to apply on the construction of the house. According to both appellant and appellee, there was an agreement that the mother and sister could stay in the house as long as they lived, but Mr. Walls, though admitting the agreement, testified: "I feel like we should deed her an acre of ground myself." Since an agreement to deed an acre is neither alleged nor testified to by any party, it is apparent that no consid-

eration can be given this contention. The interest of this mother and sister, Zora Walls and Bessie Scoggins, seems to be fully protected in conformity with the agreement reached, as appellee testified, "As long as they live and want it as a home, it is theirs, as far as I am concerned."

Finally, appellant contends that the amount of maintenance ordered for the support of the minor children is excessive. As stated, this amount was $25 per week, or $12.50 per child. The proof reflects that Mr. Walls has "take home pay" of approximately $360.00 per month. He has possession of the home place, while it is necessary that appellee, from her earnings, rent quarters in which to live, together with the children placed in her custody. Under these circumstances, we cannot say that the maintenance awarded is excessive.

The decree is affirmed.

Appellee's attorneys seek a further fee on this appeal, and of course, additional time and labor have been required to represent Mrs. Walls in this Court. We think, considering appellant's income, the obligations presently incumbent upon him under the decree, and the fact he has already paid the sum of $200.00 to Mrs. Walls' attorneys, that an additional fee of $50 is proper and equitable. Costs against appellant.