GOODIN *v.* GOODIN.

5-2241                                           340 S. W. 2d 580

Opinion delivered December 5, 1960.

*Sam Sexton, Jr.,* for appellant.

*Heilbron, Shaw & Beasley,* for appellee.

PAUL WARD, Associate Justice.   This appeal by
George J. Goodin challenges the action of the Chancery
Court in awarding to his wife and their two minor chil-
dren exclusive occupancy of the dwelling owned jointly
by them and at the same time denying the wife's peti-
tion for a divorce.

The parties were married on May 24, 1947, and
lived together until August 15, 1959, at which time
appellee and the two children (ages about 6 and 12)
left the home in which they had all been living in the
City of Fort Smith.   On the following day appellee filed
suit for divorce on the general ground of neglect and
mistreatment.   She prayed not only for divorce but for
custody of the children and for alimony and child
support.

Before the final order from which comes this appeal
there were several preliminary hearings and orders.
The first hearing was held on November 24, 1959, at
which an allowance of $25 a week was made for the
support of appellee and the children and the cause was

finally set for March 8, 1960. On this date, after hearing testimony, the Chancellor denied appellee's prayer for a divorce, but decreed that she should have permanent care and custody of the two children with the understanding that she would not remove them from the jurisdiction of the court without permission; that appellant should have reasonable rights of visitation; and that appellant should pay $25 a week for the support of appellee and said children. Following that order, appellee and the children moved into the house owned by the parties, by the entirety, located on Chaffee Drive in Fort Smith. Almost immediately thereafter appellee filed a Motion in which she asked that appellant be enjoined and restrained from entering the premises and that the court fix a specific time and place for appellant to visit the children. A Response to this Motion was filed by appellant and on March 15, 1960, the court made the following findings: That subsequent to the court's decree of March 8, 1960, and without the knowledge or consent of the appellee, the appellant moved into the home in which the appellee had been living with their children; that such act on the part of appellant, along with other conduct on his part, was detrimental to the health and welfare of the children; that the decree of March 8, 1960, should be withdrawn and the case continued under the previous Order made on November 24, 1959; that final adjudication on the divorce petition be taken under advisement; that the Order made on November 24, 1959, should be amended to give appellee possession of the home and furnishings located on Chaffee Drive. The Order of the court was in compliance with the above findings.

After another hearing a final decree was entered on May 6, 1960, in which it was ordered: That the petition for divorce be denied at this time; appellee shall have custody of the children subject to appellant's right of visitation at all reasonable and proper times; appellee shall have exclusive possession of the family home and furniture, as well as possession of the newest car, so that the children may be properly reared, can

attend church and take care of medical treatments; the appellant shall continue to pay $25 per week for the support of the two minor children; appellee shall pay the house payments due out of the child support so long as she continues to occupy the house with the children; and this Order shall remain in effect as to the occupancy and payments on the family home so long as appellee continues to reside therein.

The only ground urged for a reversal, as stated by appellant, is that "the Chancellor erred in excluding the appellant from the jointly owned property of the parties."

In support of the above contention appellant relies almost exclusively on the decision in the case of *Walls* v. *Walls*, 227 Ark. 191, 297 S. W. 2d 648. The particular language contained in that opinion upon which appellant relies is found at page 194 and 195 of the Arkansas Reports.

In the cited case, the Chancellor gave exclusive possession of the home to the wife and children but this holding was reversed by this court. The essence of the court's holding appears to be that the wife had established no meritorious cause for leaving her husband and three older children and refusing to live with him. In the case under consideration, the situation is different in that respect. The effect of the Chancellor's holding was that appellee was justified in leaving appellant. We have reviewed the record in this connection and are unable to say that the Chancellor's finding is not supported by the weight of the testimony. This being the situation the court had authority to give the exclusive possession and occupancy of the property to appellee and the children. In the case of *Cassell* v. *Cassell*, 211 Ark. 489, 200 S. W. 2d 965, we held that the trial court had jurisdiction to give the wife the right of exclusive possession of the dwelling property even though her petition for a divorce was denied. The decision rested on the ground that such an order did not amount to a permanent disposition of property rights. Likewise, the order of the court in the case under consideration is not

a permanent disposition of property rights. The latter portion of the decree states: "this order shall remain in effect as to the occupancy and payments on the family home so long as the plaintiff continues to reside on said premises." It was also stated in the Order "that the petition for a divorce by the plaintiff be denied *at this time*." (Emphasis supplied.)

This is one of those unfortunate situations where a home with children has been, at least temporarily, broken up, and the court is faced with the task of finding the best possible solution. We are reluctant to say we could find a better solution than the one reached by the Chancellor. As in many other such cases we are reminded that the Chancellor saw and heard the witnesses, an advantage denied to us. Possibly the Chancellor entertained the hope of a reconciliation in the future. This of course would be the happy solution. In the meantime it appears more reasonable to us that the wife and children, rather than the husband, should be provided a place to live.

Appellee has cross-appealed from the portion of the decree refusing her a divorce. It would serve no useful purpose to set forth the evidence in this connection. We have carefully reviewed it and find that it fully supports the Chancellor's decision.

From the above it follows that the decree of the trial court is affirmed both on direct appeal and cross-appeal.

Affirmed.