Deam *v.* Deam

5-3599                                     390 S. W. 2d 97

Opinion delivered May 24, 1965.

*Reinberger, Eilbott, Smith & Staten,* for appellant.

*Edward M. Owens,* for appellee.

SAM ROBINSON, Associate Justice. Appellee, Delores Deam, filed suit against appellant, Leslie Deam, asking that she be granted a divorce, the custody of the parties two minor children, alimony for herself, support for the children, and possession of the homestead. The trial court denied the petition for a divorce, but ordered that appellee have custody of the two children, possession and occupancy of the home, and that appellant pay to her $200 per month as support. Later, appellee petitioned the court for authority to lease the homestead for one year for the consideration of $125 per month. The petition was granted, and Leslie Deam has appealed from that order.

The only issue is whether the Chancellor erred in authorizing appellee to lease the home place for the one year period. Appellant does not contend that the court erred in ordering that appellee have the right of possession and occupancy of the property, but does maintain that the Chancellor erred in authorizing her to lease the property.

It was shown that the appellee would have great difficulty in maintaining the property and supporting herself and the two children on $200 per month; that she could lease the property for $125 per month and move into the City of Pine Bluff (the homestead is located in the country), where she could get a job and earn enough to help with the support of herself and the children. The court ordered the monthly rent money to be divided $100 to appellee and $25 to appellant.

We have held that the trial court may grant the wife possession of the homestead although no divorce is awarded. *Cassell* v. *Cassell,* 211 Ark. 489, 200 S. W. 2d 965. To the same effect is *Goodin* v. *Goodin,* 232 Ark. 853, 340 S. W. 2d 580, where it is pointed out that the order

giving the wife possession of the home would not amount to a permanent disposition of the property rights. Likewise, in the case at bar the arrangement is not permanent. The lease is only for one year. Here, for all practical purposes, the appellee will have possession of the property, but instead of occupying it she will live on other property more economical and convenient, and will use the rent money from the homestead to pay the rent on the property she will occupy. In the circumstances, the court did not exceed its jurisdiction or discretion.

Appellee was allowed an attorney's fee in the Chancery Court and has asked for additional fee on appeal. Due to the present circumstances of the parties, we are allowing an additional fee of only $100.

Affirmed.