86 N.J. Super. 61 (1964)
205 A.2d 902
EDITH WILSON, PLAINTIFF-RESPONDENT,
v.
ALBERT WILSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 16, 1964.
Decided December 24, 1964.
*62 Before Judges GAULKIN, FOLEY and COLLESTER.
Mr. Albert J. Hordes argued the cause for appellant.
Mr. Charles J. Tyne argued the cause for respondent.
The opinion of the court was delivered by COLLESTER, J.A.D.
Defendant Albert Wilson appeals from an order of the Bergen County Juvenile and Domestic Relations Court directing him to pay $827.75 expended by plaintiff Edith Wilson, his wife, for necessary repairs to the dwelling *63 house owned by them as tenants by the entirety in which plaintiff resided.
On June 22, 1961 the court, having found that defendant had deserted his wife, ordered him to make monthly payments for her support and, inter alia, to make necessary repairs to the house. On December 12, 1961 the court ordered support payments increased and again ordered defendant to pay for necessary repairs. No appeals were taken by defendant from said orders.
Defendant having failed to pay the repairs, plaintiff paid for the same (from money she received by inheritance) and brought proceedings against her husband for reimbursement. On June 5, 1963 the court, having determined that such repairs had been necessary, ordered defendant to pay to plaintiff the $827.75 she had expended. On August 6, 1963, having determined that repairs to the furnace and boiler were also required, the court amended the June 5 order by directing that defendant pay for them as well.
Defendant challenges the jurisdiction of the Juvenile and Domestic Relations Court to order him to repair the dwelling house. He concedes the court has concurrent jurisdiction with the Superior Court to hear and determine complaints of desertion by a husband and to order adequate support for the wife. N.J.S. 2A:4-18(e). However, he contends that support, as referred to in the statute, means periodic payments to the wife for her care and living expenses of a fixed sum of money "and/or of a sum of money capable of almost exact calculation to pay operating expenses of the home, such as mortgage payments, tax payments, insurance payments, utility payments, rent payments, etc." He argues that an order directing the husband to pay for necessary repairs to a dwelling house owned by the husband and wife as tenants by the entirety infringes upon the property rights of the parties; that it goes beyond the scope of "support" because it compels a husband to make payments which increase the value of the wife's equity in the property.
*64 We find no merit in this point. Caravella v. Caravella, 36 N.J. Super. 447 (App. Div. 1955), relied upon by defendant, is not applicable. The issue there involved the power of the court to order support where the separation was consensual.
The Juvenile and Domestic Relations Court may base an award for support on the same obligations as are recognized by the Chancery Division of the Superior Court, i.e., the common law duty of a husband to provide suitable support and maintenance for his wife in a manner commensurate with his means and circumstances. Bonanno v. Bonanno, 4 N.J. 268, 273 (1950).
While the jurisdiction of the Juvenile and Domestic Relations Court is limited to the powers granted to it by statute, Amadeo v. Amadeo, 64 N.J. Super. 417, 422 (App. Div. 1960); Tracey v. Tracey, 69 N.J. Super. 382, 388 (App. Div. 1961), the exercise of that jurisdiction, once obtained, should be liberally construed so that the court may accomplish its purposes. N.J.S. 2A:4-1; R.R. 6:1-2; R.R. 6:5-4(b). See Comment to R.R. 6:1-1, Tentative Draft of the Rules Governing the Courts of New Jersey (1948), p. 358; "In Courts of this type where `Individualized Justice' is the aim, flexibility is required in the conduct of its affairs." The court is designed, in the interest of public policy, to provide a tribunal able expeditiously to assure adequate support for a wife who has been abandoned by her husband.
Defendant takes too narrow a view of the meaning of "adequate support" set forth in N.J.S. 2A:4-18(e), particularly when this section is read in conjunction with N.J.S. 2A:4-18(f), which refers to "support and maintenance." In our view "adequate support" means such support as is consonant with a deserting husband's income. If possible, the wife should not be obliged to live in lessened comfort simply because her husband has deserted her.
Defendant concedes the Juvenile and Domestic Relations Court has power to order that he continue to provide a home for his wife and pay reasonable operating expenses. To argue that the court has no jurisdiction to require him to keep *65 it in reasonable repair is frivolous. Such expenses comprise part of the adequate support referred to in the statute. We also find no merit in the contention that the court lacks jurisdiction because title to the dwelling house is held by both parties as tenants by the entirety. We are not concerned here with any question of property rights. The sole issue is one of adequate support of the abandoned wife  an issue clearly within the court's jurisdiction.
We have considered defendant's remaining points in the light of the record and find them to be without merit. The findings of fact and conclusions of the trial judge clearly justify the order requiring defendant to pay for the cost of repairs.
Affirmed.