BEVERLY RICCI, PLAINTIFF, v.
LEO RICCI, DEFENDANT.

Juvenile and Domestic Relations Court
Union County.

Decided July 5, 1967.

218

*Mr. Louis L. Forman,* attorney for complainant.

*Mr. John A. Craner,* attorney for defendant.

KENTZ, J. J. & D. R. C. This is an action for support by a deserted wife against her husband in the Juvenile and Domestic Relations Court pursuant to *N. J. S.* 2A:4–18 (b), (e).

At the initial hearing the testimony disclosed that the defendant left plaintiff without justifiable cause and that she continued to live in the apartment which they had rented and occupied as husband and wife prior to the separation. Thereafter, he voluntarily contributed about $30 per week for her support and the support of the one child of the marriage, although while the parties were living together he was providing his wife with about $125 per week for the support of the family, including the rent for the apartment, which was established at $120 per month. Plaintiff testified that she was unable to pay the rent after her husband left because the amount of support he was contributing was not sufficient to permit her to do so. The evidence submitted as to defendant's income was contradictory and unclear. It appeared that he owned and operated his own business but it was difficult to determine what his annual earnings were without an examination of the books and other records of the business.

Defendant conceded liability for future fixed, periodic payments of support, and objected solely to the wife's request for the inclusion into any support order of a pro-

vision for the payment of the back rent owing to the landlord which accrued after the separation. Though the wife expressed fears of eviction, the landlord had not at the time of the initial hearing instituted a suit in the county district court for either eviction or the payment of back rent. Defendant grounds his objection upon the following technical arguments: (1) that a deserting husband is never required to pay the past, accrued debts incurred by his wife, his obligation going solely to future, periodic payments without consideration for such past debts and (2) the inclusion of such a provision in an order of this court would provide the landlord with a most potent remedy, enforceable by the potential penalty of contempt, which the Legislature never intended for him to have, his sole relief being an action in the county district court.

At the conclusion of the hearing the court ordered defendant to pay temporarily $60 per week through the probation office for the support of plaintiff and the child. Counsel for the respective parties were directed to submit briefs with respect to the above legal issue raised at the hearing. Defendant was further directed to have his business accountant make available to plaintiff the books of his business and any other records which would tend to establish his earning capacity and income. The court ordered that the case be relisted after receipt of the briefs, for further review and final disposition.

At the subsequent hearing plaintiff testified that a dispossess proceeding had in fact been instituted against her and defendant in the county district court by the landlord and that the matter was listed for hearing the next day. It was represented by counsel for both parties that the attorney for the landlord agreed that his client was willing to discontinue this tenancy action upon the payment of the back rent. It was further represented that the accountant was not available and that plaintiff and her attorney had not had an opportunity to review the books and records of defendant's business pursuant to the prior order of this court.

At the hearing defendant renewed his objection to the court's authority to order him to pay the past due rent which had accrued after the separation of the parties for the apartment occupied by plaintiff and her child.

The sole issue to be determined at this juncture is whether the Juvenile and Domestic Relations Court has the right and authority under *N. J. S.* 2A:4–18 to direct a deserting husband to pay past-due rent for demised premises occupied by an abandoned wife as part of his obligation to provide "adequate support" for her and her children. Upon examination, it appears that this issue touches upon virgin areas of the law.

I

While there are no cases precisely in point construing *N. J. S.* 2A:4–18, defendant's first contention seems to be contrary to relevant principles of law as well as concepts of equity, manifest common sense and the continuing practice of this court.

In the absence of specific intent to the contrary, statutory language is to be given its ordinary meaning. *Abbotts Dairies Inc. v. Armstrong,* 14 *N. J.* 319, 325 (1954). And the word "support" generally imports the provision of the necessaries of life and the means of livelihood, including food, shelter and clothing. *Snyder v. Lane,* 135 *W. Va.* 887, 65 *S. E.* 2d 483, 487 (*Sup. Ct. App.* 1951). An order directing a defendant-husband to pay unpaid back rent would in effect merely be a directive to supply shelter for his wife and child. Further, it is well settled that the extent of a husband's obligation to support is determined essentially by the present *needs* of the wife and children, as well as the value of his property, income and earning capacity. *Amadeo v. Amadeo,* 64 *N. J. Super.* 417, 423 (*App. Div.* 1960) ; *Caravella v. Caravella,* 36 *N. J. Super.* 447, 453 (*App. Div.* 1955). Therefore, as this court is solely concerned with the deserted wife's present needs, the origin of such needs would seem to be irrelevant. The significant factor in this case is that at present the wife faces certain eviction if the rent remains unpaid.

 Admittedly, the form of the support prayed for is exceptional; however, this is not conclusive. In 27 *Am. Jur., Husband and Wife, pp.* 415 and 417, it is set forth generally:

"The general *practice* is to make such an allowance in installments, usually monthly * * * However, it is the practice in some jurisdictions, *in the absence of statutory limitations,* for the court in its discretion to make an allowance in a lump sum.

In suits for * * * support, or maintenance, without a divorce, the court is required to deal with the rights and duties of the parties * * * and *in its jurisdiction of such causes, there necessarily exists the power to compel the doing of such acts by the parties as are necessary to effectuate the purpose for which the jurisdiction is conferred * * *."* (Emphasis added)

See also: 42 *C. J. S., Husband and Wife, p.* 623(b)(2). It appears that the only limitation as to the form of an order that ever existed in New Jersey was set forth in *Acheson v. Acheson,* 24 *N. J. Misc.* 133, 46 *A. 2d* 817 (*Ch.* 1946). There it was held that a decree for separate maintenance should be a straight-money decree. However, even this limitation, which was statutory in origin, seems to have been disposed of and is ignored in more recent cases. For example, in *Matflerd v. Matflerd,* 10 *N. J. Super.* 132 (*App. Div.* 1950), defendant-husband was ordered to deliver certain property to his wife. Specifically, it has been held that *N. J. S.* 2A: 4-18 is to be liberally construed to accomplish its purpose. *D. v. D.,* 56 *N. J. Super.* 357, 361 (*App. Div.* 1959). And it is clear that any court dealing with these matters must necessarily be endowed with considerable discretion, for no two cases are exactly alike and each case must be taken upon its own facts. See *Bonanno v. Bonanno,* 4 *N. J.* 268, 273, 274 (1950), and *Munger v. Munger,* 21 *N. J. Super.* 49, 57 (*Ch. Div.* 1952), affirmed 24 *N. J. Super.* 574 (*App. Div.* 1953). Therefore, the tendency would seem to be to dispense with fixed rules and to decide each case upon its own peculiar circumstances in the light of the purpose of the statute.

 It is fundamental that "[a] man's duty to support his family is one of the highest obligations in our social order." *Thiel v. Thiel*, 41 *N. J.* 446, 449 (1964). "The obligation of a husband to support his wife continues during the existence of the marital relationship." *Zehrer v. Zehrer*, 5 *N. J.* 53, 63 (1950). See also *Turi v. Turi*, 34 *N. J. Super.* 313 (*App. Div.* 1955). These concepts are founded on public policy long recognized and enforced by civil and common law and by various statutes. It does not appear that *N. J. S.* 2A:4–18 represents a departure from this great body of precedent. Therefore, the deserting husband's liability to support his abandoned wife does not arise arbitrarily at the time of the hearing on a complaint filed in this court, as defendant herein suggests. It is settled that a husband should not be permitted to absolve himself of his continuing duty to support by his own misconduct. *Isserman v. Isserman*, 11 *N. J.* 106, 115 (1952). Directing a husband to pay back rent is a necessary substitute for the inability of this court to provide relief *pendente lite*. That "[t]he wife is not to be required to change her mode of living merely because the husband has quit the marital home" is a generally accepted principle. *Gross v. Gross*, 22 *N. J. Super.* 407, 413 (*App. Div.* 1952). See also *Salvatore v. Salvatore*, 73 *N. J. Super.* 373, 379 (*App. Div.* 1962). Here, the wife incurred the rent and allowed it to accrue unpaid to the present time, precisely because of the husband's failure to support and maintain her adequately. He should not be allowed to benefit from the lapse of time between his original desertion and the entry of an order by this court. To hold otherwise would encourage delay and countenance dictatory tactics by defendant-husbands, contrary to the stated policy of this court. See *Ames v. Ames*, 89 *N. J. Super.* 276 (*J. & D. R. Ct.* 1965); *M. v. F.*, 95 *N. J. Super.* 165 (*J. & D. R. Ct.* 1967).

 The case of *Wilson v. Wilson*, 86 *N. J. Super.* 61 (*App. Div.* 1964), is particularly relevant. There the defendant attacked an order of the Juvenile and Domestic Re-

lations Court providing not only for fixed, future, periodic payments but also that the defendant-husband therein make necessary repairs to plaintiff-wife's home. It is further significant that the order in *Wilson* did not specify that such repairs were to be limited to those defects arising in the future, after the date of the order. The Appellate Division upheld the order, stating:

"* * * [The defendant-husband] concedes the court has concurrent jurisdiction with the Superior Court to hear and determine complaints of desertion by a husband and to order adequate support for the wife. * * * However *he contends that support, as referred to in the statute (N. J. S. 2A:4–18(e)), means periodic payments to the wife for her care and living expenses of a fixed sum of money* * * *.

[The] *defendant takes too narrow a view of the meaning of 'adequate support'* * * *. In our view 'adequate support' means such support as is consonant with a deserting husband's income. If possible, the wife should not be obliged to live in lessened comfort simply because her husband has deserted her.

Defendant concedes the Juvenile and Domestic Relations Court *has power to order that he continue to provide a home for his wife and pay reasonable operating expenses.* To argue that the court has no jurisdiction to require him to keep it in reasonable repairs is *frivolous.* Such expenses comprise part of the adequate support referred to in the statute." (at *pp.* 63, 64 and 65; emphasis added)

Though the factual pattern in *Wilson* is not precisely identical to the present one, the broad definition of a deserting husband's duties is to be noted. Technical and narrow limitations are to be avoided. The husband has a duty to "provide a home for his wife," who is not to be jeopardized "simply because her husband deserted her," and this duty is not limited to future "periodic payments to the wife * * * of a fixed sum of money."

Further authority for that conclusion might be gleaned from the language chosen by the Appellate Division in *Matflerd v. Matflerd, supra,* at *p.* 139. There the court implied that a defendant-husband could conceivably be compelled to pay for the transportation charges of furniture surrendered by him to his wife so that she might establish an adequate abode. Thus, a deserting husband might be

ordered to pay a single lump sum to or for a specific third-party creditor in order to establish a shelter for his wife. Instead of broadly denying this legal possibility the Appellate Division held that under the peculiar facts of the *Matflerd* case the court's original order "to deliver" the furniture could not be construed to require such payment, and there was no second complaint upon which to base a subsequent order.

Furthermore, though it has been held that *N. J. S.* 2A:4–18, establishing the jurisdiction of the Juvenile and Domestic Relations Court in this area of separate maintenance, does not incorporate by reference the general provisions of *N. J. S.* 2A:34–24, *Caravella v. Caravella, supra,* at *pp.* 452, 453, these two provisions are certainly *in pari materia.* Statutes are *in pari materia* when they relate to the same subject matter, and should "be construed together as a unitary and harmonious whole * * *." *City of Clifton v. Passaic County Board of Taxation,* 28 *N. J.* 411, 421 (1958). See, also, the policy set forth in *R. R.* 6:6–3. *N. J. S.* 2A:34–24 deals with the subject of maintenance and support generally (as applied to the Superior Court) and contains but a single exception. This proviso is that "[d]uring the time such maintenance shall be allowed, the husband shall not [additionally] be chargeable with the debts of the wife." It is clear that where a statute specifies a single exception to a general rule, additional exceptions are ruled out by strong implication. See generally, *Kobylarz v. Mercer,* 130 *N. J. L.* 44, 48 (*E. & A.* 1942); *Dillemuthe v. Effinger,* 126 *N. J. L.* 579 (*Sup. Ct.* 1941), and *M. v. F., supra.* Since the practice of this court is traditionally more flexible than that of the Superior Court, this is not to say that the limitation contained in *N. J. S.* 2A:34–24 applies to the Juvenile and Domestic Relations Court as well. Rather, the point merely is that there appears to be no reason why certain forms of support and maintenance should be allowable in the Superior Court but not in the Juvenile and Domestic Relations Court, in view of the stated concur-

rent jurisdiction of the two tribunals. See *N. J. S.* 2A:4–18. "The sense of a law is to be collected from its object and the nature of the subject matter, the contextual setting, and the statutes in *pari materia.* * * *." *Giles v. Gassert,* 23 *N. J.* 22, 33–34 (1956). Even if the present case were being determined by the more formalistic Superior Court, it would not fall within the single, above-stated exception, as no support order was in force when the rent herein became due and payable.

*N. J. S.* 2A:4–18, in final analysis, provides a broad sweeping remedy for a deserted wife, child or family. *Subparagraph* (e) sets forth merely that "the court may order adequate support." It is elementary that remedial statutes are to be liberally construed. See *State v. Meinken,* 10 *N. J.* 348, 352 (1952), and *Carianni v. Schwenker,* 38 *N. J. Super.* 350, 361 (*App. Div.* 1955). This court sees absolutely no reason for reading into *N. J. S.* 2A:4–18 a limitation as to the form such "adequate support" should take.

It was established that plaintiff and defendant entered into an oral lease with the landlord for the apartment in question prior to the separation of the parties. It was also established that defendant paid the whole rent monthly out of his own money. In fact, he was the sole support of his wife and child prior to his desertion. While the court does not base its decision on any contractual obligation of defendant to the landlord or plaintiff, the above-stated disposition of defendant's first contention is further reinforced by the circumstances that he remained at all times contractually liable for the payment of the rent under the lease, a liability for which he assumed full responsibility prior to his desertion without looking to his wife for any contribution.

II

Defendant's second argument, that this court lacks jurisdiction to, in effect, provide a remedy for the landlord, is similarly without merit. As noted, this court has juris-

diction to "order that he continue to provide a home for his wife * * *." *Wilson v. Wilson, supra.* Obviously, if she were evicted because of his desertion and then failure to support, this purpose would not be achieved. That the landlord is an incidental beneficiary is starkly irrelevant, as this factor does not transform the present suit into one of that category of "litigation of grievances beyond non-support by a deserting husband." *Tracey v. Tracey,* 69 *N. J. Super.* 382, 388 (*App. Div.* 1961). See also *Matflerd v. Matflerd, supra.*

For the above-stated reasons defendant is ordered to pay plaintiff's past-due rent for the apartment occupied by her and the child, as part of his obligation to support them, pursuant to *N. J. S.* 2A:4–18, and an order shall be entered accordingly.