■ NANCY W. HAHN, Respondent, v. PHILIP Y. HAHN, JR., Appellant.— Order unanimously reversed, without costs, and matter remitted to Monroe County Family Court for further proceedings in accordance with the following memorandum: On this appeal appellant challenges those parts of an order of Family Court which directed payment of a stated weekly sum for support of his wife and four children and also payment of a variety of expenses of a specified nature but indefinite in amount. In *De Gasper* v. *De Gasper* (31 A D 2d 886) we said: "With respect to alimony, we think it generally inadvisable to direct payments of the wife's expenses of a designated character, which may permit her to increase the award by incurring larger expenses of that character, and we deem it preferable that periodic payments of a specified amount be fixed [cases cited]." In *Macris* v. *Macris* (29 A D 2d 528) cited with approval in *De Gasper*, it was said: "We have hitherto called attention to the fact that as regards payments for support the more desirable practice

is to make an inclusive award of a specified sum rather than direct payments of indefinite amounts to third parties (*Schine* v. *Schine,* 28 A D 2d 976). While circumstances may occasionally appear where no other practical disposition can be made, the practice should be limited to such instances." (See, also, *Weltz* v. *Weltz,* 35 A D 2d 208, 209; *Braun* v. *Braun,* 29 A D 2d 929.) We approve the direction that appellant keep in effect Blue Cross and Blue Shield insurance coverage (or the equivalent) for the benefit of respondent and the children and pay their medical and dental expenses, from which no appeal has been taken. Inasmuch as the following charges are not subject to the control of respondent, we also approve a direction that appellant pay mortgage payments, real estate taxes, water charges and insurance on the premises at 24 Buckingham Street and on the summer home at Canandaigua Lake. With regard to education of the children, appellant may properly be directed to pay the expenses thereof, including the continued private education of the child Martha Hahn, with an added provision that, as to all private schools proposed other than that presently attended by Martha, appellant may, if he deems the school inappropriate to his then financial condition, apply to Family Court to be relieved of this obligation and, upon such application, he may be so relieved if the court finds that appellant has demonstrated such inappropriateness and no alternate appropriate school is proposed. As to all other obligations imposed by the order appealed from, we think it more desirable to make an inclusive award of a specified sum rather than to impose liability for an unfixed amount subject, at least in part, to manipulation by respondent. The record, however, is inadequate for us to arrive at such a figure. We therefore remit the proceeding to Family Court for the receipt of proof on which such an amount may be determined, including current evidence of appellant's income and ability to pay for the support and maintenance of his wife and children. (Appeal from part of order of Monroe Family Court granting support.) Present — Goldman, P. J., Del Vecchio, Marsh, Moule and Cardamone, JJ.