judgment of Erie Trial Term, in automobile negligence action.) Present—
Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ In the Matter of CAROL A. HAZELL, Appellant, v DAVID E. HAZELL,
Respondent. (Appeal No. 1.)—Order unanimously modified in accordance
with memorandum and as modified affirmed, without costs. Memorandum:
The parties were married on April 9, 1960 and divorced on December 22,
1971. Support hearings were held in Family Court, Monroe County, and an
order was entered October 24, 1972 directing the husband to pay $75 per
week alimony and child support and to pay all reasonable and necessary
costs in connection with the upkeep of the family home, including mortgage
payments, real estate taxes, utilities, insurance and repairs; to keep health
insurance in force for his three children; and to pay all reasonable and
necessary medical expenses for the entire family. On March 28, 1974 the
wife commenced an enforcement proceeding and the husband cross-pe-
titioned for an order permitting him to pay a specified weekly sum in lieu of
the fragmented payments previously ordered. By order of Family Court,
Monroe County, entered January 3, 1975 the wife's petition for enforcement
was denied and the arrearages she claimed due were canceled, attorney's
fees were denied, the husband was permitted to commence weekly payments
of $170 in lieu of the fragmented award made previously, and certain funds
belonging to the husband which had been collected by the court through
payroll deduction in an earlier enforcement proceeding were returned to the
husband, with the exception of $315 due for attorney's fees in a prior
matter. The record demonstrates sufficiently changed circumstances to
warrant the Family Court's modification of the prior support award. The
three children are now 15, 13 and 12 years of age and do not require their
mother's continual supervision. This is evidenced by her election to pursue a
full-time course of study at a nursing school. Whatever physical infirmities
she may have apparently do not interfere with her studies and we think
would not interfere with her pursuit of remunerative employment to help
support the family. Further, her former husband no longer may turn to his
parents for living accommodations. The court's order directing payments of
$170 per week did not substantially change the total annual amount being
paid under the fragmented system and is consistent with our policy of
preferring single sum payments over fragmented awards (Hahn v Hahn, 40
AD2d 624). However, we think the court improvidently exercised its discre-
tion in canceling $3,097.93 in arrearages. This sum represents medical,
dental and household bills which must be paid. In view of the fact that the
husband's income has increased in recent years, we think it more equitable
to cancel $585.90 in arrears, representing the amount prepaid to creditors
by the wife; to refuse cancellation of $414.43 in arrears, representing
medical, dental and home repair bills of a routine nature; and to divide
responsibility for the balance of the arrears, amounting to $2,097.60 which
represents a medical and dental expense of major proportions. We find no
abuse of discretion in the court's refusal to award counsel fees or in its
ordering a return of a previously ordered payroll deduction. (Appeal from
order of Monroe County Family Court in proceeding on support orders.)
Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ In the Matter of CAROL A. HAZELL, Appellant, v DAVID E. HAZELL,
Respondent. (Appeal No. 2.)—Order unanimously affirmed, without costs. Same
memorandum as in Hazell v Hazell (48 AD2d 1006). (Appeal from order of Mon-
roe County Family Court, amending payroll deduction order.) Present—Marsh,
P. J., Moule, Simons, Del Vecchio and Witmer, JJ.