Daniel EVANS *v.* Charlene EVANS and
FARM BUREAU INSURANCE COMPANY
OF ARKANSAS, INC.

77-324                                    564 S.W. 2d 505

Opinion delivered April 24, 1978
(Division I)

*Tiner & Palmer,* by: *H. C. Palmer, III.,* for appellant.

*Penix, Penix & Mixon,* for appellee and third party defendant.

JOHN A. FOGLEMAN, Justice. In a divorce proceeding brought by appellant in which appellee also sought a divorce by counterclaim, she was awarded possession of the dwelling house owned by the parties as a tenancy by the entirety. Both parties were denied a divorce, but appellee was given custody of the three children, $600 per month child support, $400 per month as maintenance and alimony, an automobile, an award of $10,179.53, and possession of all furniture, fixtures, furnishing and appliances along with the possession of the home. On or about March 19, 1977, the home and the furniture, fixtures and appliances were damaged by fire. Appellant carried an insurance policy with Farm Bureau Insurance Company of Arkansas, Inc., in which he was the named insured. Appellee filed a petition seeking to recover the proceeds of the policy and to enjoin the insurance company from paying the proceeds to anyone other than her. She subsequently amended her petition, asking that appellant be required to apply all proceeds of the policy to rebuild or refurbish the home, or, in the alternative, that he be required to provide and furnish a proper home for her and the children. She also asked that she have the benefit of the policy provisions for temporary living expenses. Later, she again amended her petition to allege that she had paid one-half of the premium on the policy and asked that a constructive trust or equitable lien be imposed upon the policy proceeds for the benefit of her and the children. Still later she amended her petition to ask a divorce, support, maintenance, alimony, costs of suit, attorney's fees, possession of the home, all the furniture, furnishing and appliances, an automobile and a

statutory interest in appellant's property. Appellant had, prior to the fire, sought a reduction of the support payments required of him, alleging a substantial change in his financial position.

It was stipulated that the land on which the dwelling was located consisted of 15 acres held by the parties as tenants by the entirety, that the Farm Bureau Insurance Company had agreed to pay $22,000 for the fire loss on the contents of the dwelling, and that two reputable contractors had made bids of $42,000 and $35,400, respectively, to restore the damaged house.

The chancery court decree recited that appellant agreed for the third party defendant, the insurance company, to rebuild and restore the home and directed the insurance company to apply the proceeds of the insurance policy to the restoration of the home, held that the wife was entitled to receive the additional living expenses of her children and herself provided for in the insurance policy, and directed the parties to carry out the rebuilding of the home and the replacement of the contents. The court directed that the right of possession of the home be continued. Appellant's petition for modification of the support payments was denied.

Appellant first contends that the court erred in holding that the insurance proceeds were held by the entirety. We do not interpret the court's ruling as having so held. Nevertheless, appellee's testimony that she paid one-half of the insurance premium was not contradicted. She also testified that the insurance company had delivered a check, made payable to appellant and appellee, for the loss, but that appellant refused to endorse it unless the proceeds were divided. Appellant contends that appellee had no right to any of the proceeds of the policy, because, since he was named as the sole "insured" in the policy, the contract was personal with him, that only he could recover on it, and the amount collected did not constitute the proceeds of the property. In essence, he contends that only his interest was insured.

Appellant's contentions in this regard are really of little significance. The possession of the property had been awarded to the wife as a part of an award of separate maintenance

for her benefit and that of the children of the parties, and the court's decree does nothing more than make that award effective. Appellant further contends, however, that the chancellor erred in requiring appellant to rebuild the house.

Even if the parties had not held as tenants by the entirety, awarding appellee the possession of the homestead of the parties would have been an exercise of the court's jurisdiction, even though both parties were denied a divorce. *Cassell v. Cassell*, 211 Ark. 489, 200 S.W. 2d 965.[1] Under these circumstances, the award was in the discretion of the court. As long as the parties are married and the wife has not abandoned the husband without just cause, it is the duty of the husband to support her and his minor children according to the station in life in which they have lived. *Stearns v. Stearns*, **211 Ark. 568, 201 S.W. 2d 753.**

The words "support" and "maintenance" generally import the provision of the necessaries of life, which include shelter, or a suitable place of residence or habitation. *Ricci v. Ricci*, 96 N.J. Super. 214, 232 A. 2d 709 (1967); *Dravecko v. Richard*, 267 N.Y. 180, 196 N.E. 17 (1935). Furnishing a house for his wife and children is within a husband's duty of support. *Kearns v. Kearns*, 6 N.C. App. 319, 170 S.E. 2d 132 (1969). In allowing support, a court may require the husband to pay mortgage installments, real estate taxes and insurance on a home. *Hahn v. Hahn*, 40 A.D. 2d 624, 336 N.Y.S. 2d 500 (1972). Where the court has the power to order a husband to provide a home for his wife, it also has the jurisdiction to require him to keep it in repair, and requiring him to do so does not involve any question of property rights. *Wilson v. Wilson*, 86 N.J. Super. 61, 205 A. 2d 902 (1964). See also, *Williams v. Williams*, 279 Ill. App. 274 (1935). By the same token, appellant could have been required to carry insurance on the property for the benefit of both himself and his wife. Even though appellant was not required to carry insurance by the

---

[1]The facts in this case bring it within the purview of this case rather than that of *Walls v. Walls*, 227 Ark. 191, 297 S.W. 2d 648, which involved a decree requiring a husband to vacate the homestead held by the entirety, even though he had successfully defended the wife's divorce action without seeking a divorce. In denying the divorce, the chancellor had held that the wife had no cause for leaving her husband. The decision in *Walls* turned upon the peculiar facts of the case.

previous decree, it was within the power of the court to require the restoration of the damaged house and the replacement of the contents lost, in order to give effect to the award of possession as a part of the support and maintenance of appellant's wife and children which had been required of him. The damaged house certainly afforded no shelter and the right of occupancy of it certainly would be meaningless. The trial court had the discretion to require appellant to provide adequate comparable housing for his wife and children. Its discretion was certainly not abused by the decree entered.

Appellant also contends that the court erred in not reducing the support payments required of him. The court's decree had required him to pay $600 per month for the three children and $400 per month for appellee. Appellant's real complaint is that the court took into consideration the fact that appellant had $40,000 invested in certificates of deposit. He says that the court should have considered his income level only. The chancellor actually stated that he was not going to reduce the payment "at this time," saying that appellant had this $40,000 and that appellant, a farmer, had the current year's crop coming in. The chancellor added: "We will just have to see how it developes as the years go along." We find no abuse of discretion on this score. The cases relied upon by appellant do not hold, as appellant seems to think, that his income is the only factor, except the situation of the parties in life and their conduct, to be considered in fixing the amount of these payments. Those cases, *Lewis* v. *Lewis,* 202 Ark. 740, 151 S.W. 2d 998 and *Shirey* v. *Shirey,* 87 Ark. 175, 112 S.W. 369, do not so hold. In *Lewis,* we said that ability to pay is the foremost consideration. We pointed out that the governing rule required that alimony be so apportioned as to secure the wife the same social standing, comforts and luxuries of life as she would have had, had it not been for the enforced separation, care being taken that it does not amount to appropriation of the *entire* estate of the husband. That statement of the rule points out that consideration should be given to the financial circumstances of the parties. In *Shirey,* we said that ability to pay was one of the factors having a bearing on the amount. Nothing was said about the level of income in either case. We cannot say that the chancellor erred by considering appellant's savings in

measuring his ability to pay and in declining to make a reduction without considering the result of his current crop.

Appellant also argues that the court did not give adequate consideration to appellee's ability to earn, pointing out that she has a high school education supplemented by one and one-half years in a business course at Delta Vocational Technical School and that she was physically able to work and had been constantly employed prior to her marriage. The only factor that could be considered a change of circumstances after the original decree is the business course.

Appellee testified that she lacked three hours of finishing the course, that she was supposed to go back and take tests, and that her textbooks had been destroyed in the fire and she had been unable to replace them. She said that, prior to the fire, she had gone to the employment office every week and that she had gone to every place in Harrisburg and to the social security office seeking employment, without success. She also testified that, subsequent to the fire she had found it necessary to find a place to live, that her clothing and personal items, as well as her children's, had been lost in the fire. These she had to replace, along with the furniture lost. Mrs. Evans also testified that she had physical, nervous and emotional problems. We find no abuse of discretion in the trial court's refusal to reduce the support payments, at least until after the results of appellant's current crop were known.

The decree is affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.