■ In the Matter of ANN M. KODYA, Respondent, v ANTHONY G. HARB, Appellant. ANTHONY G. HARB, Appellant, v ANN M. KODYA, Respondent.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Respondent Anthony G. Harb appeals from an order of Family court which granted support in the amount of $25 per week on the petition of respondent's ex-wife for respondent's adopted daughter and natural child of petitioner Ann Kodya. The order appealed from also denied respondent's cross petition for support for his three natural children who had been adopted by petitioner. Shortly after the marriage of the parties Kodya adopted Harb's three children and Harb adopted Kodya's daughter. The parties lived together for a year and one-half and were divorced on February 7, 1975 following a separation which took place in April of 1974. The divorce decree granted custody of Harb's three natural children to him and custody of Kodya's daughter to her. No provision was made for support payments and the final ordering paragraph provided: "that all future matters relative to custody, visitation, support and/or abrogation of adoption, are hereby referred to the Onondaga Family Court, or the appropriate Family Court for determination." The petitions in the record are cast in the form of applications for modification of a Supreme Court matrimonial decree containing an order of support. On appeal the parties have assumed that section 466 of the Family Court Act applies, which would impose upon the respondent Ann Kodya a burden to establish the existence of changed circumstances which would justify the modification of the Supreme Court support provision *(Matter of Hazell v Hazell,* 48 AD2d 1006). The matrimonial decree in the instant case does not contain a provision for support for the infant Lisa Harb. Where there is not a support provision in the matrimonial decree with respect to a minor child, there is no necessity to establish changed circumstances as would be the case where an existing support order is sought to be modified (Family Ct Act, § 461, subds [a], [b]). Sections 413 and 414 of the Family Court Act require the

parents of minor children to support them according to their respective financial abilities and the needs of the children *Matter of Carter v Carter,* 58 AD2d 438). Both parents are responsible for the four minor children. Harb is currently supporting his three natural and Kodya's adopted children, and she is supporting her natural and Harb's adopted child. Given the resources, needs and circumstances outlined in the record, Harb will not be able adequately to meet the needs of the three children in his custody should he be required to pay $25 per week for the support of Lisa Harb, living with her natural mother who appears at least at this point to have sufficient income and resources adequately to meet her needs. In reviewing the needs of the four children, it would be unreasonable to require contributions by Harb for the support of his adopted daughter or by Kodya for the support of the children in *Harb's* custody. Pursuant to sections 413 and 414 of the Family Court Act, the wife exclusively should be required to provide support for Lisa Harb based upon the present needs and responsibilities of the parties and the husband for the children in his custody. (Appeal from order of Onondaga Family Court—support.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.