Jane S. SUTTON *v.* Lewis R. SUTTON

79-12                                        587 S.W. 2d 67

Opinion delivered September 10, 1979
(Division II)

*Spitzberg, Mitchell & Hays,* by: *Steele Hays,* for appellant.

*Ed Daniel,* for appellee.

FRANK HOLT, Justice. Appellant was granted a divorce from appellee on the grounds of general indignities. Ark. Stat. Ann. § 34-1211 (Repl. 1962). She was awarded her statutory interests in the appellee's real and personal property. Additionally, she is to receive one-half of the proceeds from the sale of their jointly owned home (approximately $55,000 equity) and a condominium ($18,000 cost with $14,000 mortgage); one-half in kind of municipal bonds valued at $12,000; and one-third of appellant's contributions to a pension and profit sharing plan of the Arkansas Psychiatric Clinic "provided such contributions are vested." The parties were directed to divide the home furnishings. The chancellor refused to award appellant any alimony due to the fact that

she was gainfully employed and entitled to draw income to the extent of $5,000 annually from the corpus of an insurance trust. Appellant contends the trial court's disallowance of alimony was an abuse of discretion.

When awarding alimony, the chancellor should give proper consideration to (1) the financial condition of the parties such as the husband's ability to pay, the wife's financial needs, and the wife's ability to support herself; (2) the station in life of the parties, that is, the manner and style of living to which the wife has become accustomed; and (3) the character of the parties bearing on the cause of the separation. *Evans* v. *Evans,* 263 Ark. 291, 564 S.W. 2d 505 (1978); *Hurley* v. *Hurley,* 255 Ark. 68, 498 S.W. 2d 887 (1973); and *Lewis* v. *Lewis,* 202 Ark. 740, 151 S.W. 2d 998 (1941).

Appellant, 44 years old, was married to the appellee for over 25 years during which time she worked to assist the appellee financially in medical school and to rear their two now adult sons. She has minimal secretarial and bookkeeping skills and is currently attending college to secure a business degree. Appellant cannot draw income or invade the corpus of appellee's life insurance trust until his death. Consequently, in addition to the assets appellant derived from her share of their property, as previously discussed, her sole expectation of income at present is the $490 net monthly take-home pay from her job as a secretary. After detailing her expenses, she testified she would need a minimum of. $500 per month alimony to supplement her income.

Appellee is a successful psychiatrist with a substantial income of $2,000 net monthly. For the past two years, he has been paying the rent and utilities on a home, as well as all expenses for food and miscellaneous household items, for himself and another woman. Suffice it to say that appellee's present earning capacity, education, and ability to provide appellant with monetary support are far superior to those of the appellant. We hold appellant is entitled to alimony and an award of $300 per month is reasonable in the circumstances.

Appellee argues that Ark. Stat. Ann. § 34-1211 (Repl.

1962) is gender based and therefore *Orr* v. *Orr*, 440 U.S. 268, 99 S. Ct. 1102, 59 L. Ed. 2d 306 (1979), which held such statutes unconstitutional, should be applied here. We cannot consider this argument since it is raised for the first time on appeal. *Gross* v. *Gross*, 266 Ark. 186, 585 S.W. 2d 14 (1979); *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475 (1979); and *Williams* v. *Edmondson*, 257 Ark. 837, 250 S.W. 2d 260 (1975).

Reversed and remanded for the entry of a decree consistent with this opinion.

We agree: HARRIS, C.J., and BYRD and PURTLE, JJ.