S.L. HARVEY *v.* V.E. HARVEY

88-35                                   747 S.W.2d 89

Supreme Court of Arkansas
Opinion delivered March 21, 1988

*Wallace, Hamner & Arnold*, for appellant.

*Dodds, Kidd, Ryan & Moore*, for appellee.

DAVID NEWBERN, Justice. This is a divorce case involving interpretation of our statute governing distribution of marital property. The decree does not state that the marital property is to be divided equally. It divides unequally the property mentioned. We agree with the appellant's argument that the decree must be reversed because the chancellor did not state reasons for the apparent unequal division. On cross appeal, we reverse and remand the chancellor's allowance of alimony.

Mrs. S. L. Harvey, the appellant, and Mr. V. E. Harvey, the appellee, owned a corporation, Harvey, Inc., which, in turn, owned two stores called "Berry Patch." Mr. Harvey owned ninety-nine percent of the corporate stock, and Mrs. Harvey owned the remaining one percent. The chancellor found that the business was worth $400,000, and that seventy percent was attributable to the store located in North Little Rock and thirty

percent to the store in Little Rock. It was undisputed that this commercial property was marital property. The decree ordered that, in exchange for her interest in the corporate stock, Mrs. Harvey would receive the assets of the Little Rock store which she had been managing.

### 1. Marital property

Our statute governing distribution of property upon divorce provides that marital property is to be divided equally unless it would be inequitable to do so. Ark. Code Ann. § 9-12-315 (Supp. 1987). If it is concluded that the marital property is to be divided unequally, subsection (a)(1)(B) of the statute provides that the court must state its reasons in its order. *Young* v. *Young*, 288 Ark. 33, 701 S.W.2d 369 (1986). Additionally, subsection (a)(4) provides that when corporate stock comprises part of the marital property the court may award it to one party on condition that half "the fair market value of the securities in money or other property be set aside and distributed to the other party in lieu of division and distribution of the securities."

The chancellor had authority to distribute all stock in the corporation to Mr. Harvey. However, given the imbalance created by the award to Mrs. Harvey of the Little Rock store worth thirty percent of the value of the parties' main marital asset in exchange for her one-half interest in that asset, we must examine the decree to ascertain if she was awarded other marital property to make up for the disparity.

The decree mentions several other items of marital property, including twenty acres of "open land," shares of stock in Sears and ITT, a certificate of deposit, the marital residence, and furniture. All these items were divided equally or sold with the proceeds to be divided equally. In addition, the court awarded each party his or her individual retirement account. A collection of guns and a country club membership which were marital property were awarded solely to Mr. Harvey. No other marital property was awarded solely or in greater proportion to Mrs. Harvey to account for the disparate distribution of Harvey, Inc.

The decree mentions that Mrs. Harvey had been the recipient of gifts of furs and jewelry from Mr. Harvey which she would retain as her property, and it mentions a $40,000 gift to Mrs.

Harvey from an aunt and states that the latter asset would be considered by the chancellor in other orders to be made.

■ Mr. Harvey refers to testimony about the value of the furs and jewelry, the fact that Mrs. Harvey received store inventory from Mr. Harvey which she did not pay for, sale of a car by Mrs. Harvey, a boat belonging to the corporation which is in Mrs. Harvey's possession, and cash in various accounts. He argues that we should affirm because these items more than make up for the disparate distribution of Harvey, Inc. We might agree with the argument had the chancellor's decree divided any of these assets in a manner favoring Mrs. Harvey or, with respect to other than the gifts, ruled Mrs. Harvey owned them outright. However, in the absence of such a division or explanation of the unequal division, we must reverse.

Mrs. Harvey argues it was error to award sole ownership of the guns and country club membership to Mr. Harvey and that the chancellor should have made a finding whether life insurance policies and Mr. Harvey's J. C. Penney pension were marital property. We assume the chancellor will make these decisions upon remand and, if sole ownership of assets is awarded, the decree will reflect compensation or explanation.

*2. Alimony*

In awarding alimony to Mrs. Harvey of $1,000 per month, the chancellor noted that it was "less than 20% of the discrepancy between the potential profit of the McCain Mall [North Little Rock] store and the University Mall [Little Rock] store." The decree also states that the alimony is necessary for the support of Mrs. Harvey and is not to be considered a distribution of marital property or in lieu of marital property.

■ The chancellor can make an award of alimony that is reasonable under the circumstances. Ark. Code Ann. § 9-12-312 (Supp. 1987). The purpose of alimony is to rectify economic imbalance in earning power and standard of living in light of the particular facts in each case. The primary factors to be considered are the need of one spouse and the other spouse's ability to pay. *Sutton* v. *Sutton*, 266 Ark. 451, 587 S.W.2d 67 (1979); *Dean* v. *Dean*, 222 Ark. 219, 258 S.W.2d 54 (1953). The award of alimony is a matter which addresses itself to the sound discretion

of the chancellor, and the award will not be reversed absent an abuse of discretion. *Wilson* v. *Wilson*, 294 Ark. 194, 741 S.W.2d 640 (1987).

For his cross appeal, Mr. Harvey argues alimony should not have been awarded. He recites Mrs. Harvey's testimony that her living expenses were $3,500 per month and contends that her salary of $2,361, when combined with potential income from property she acquired as a result of the decree, are sufficient for her support.

After the Harveys were married in 1956, Mrs. Harvey worked for a year or two until she quit her job to raise children. Mr. Harvey testified that some of the time she worked was while he was in school. Mr. Harvey had a twenty-year career with J. C. Penney, and apparently some time with Sears. The chancellor could reasonably have concluded that during the time Mrs. Harvey was a homemaker Mr. Harvey was acquiring education and experience which now give him greater earning power than Mrs. Harvey.

While we would usually affirm an award of alimony under these circumstances, we reverse and remand this one. The chancellor's order says the award was not a distribution of marital property or given in lieu of such a distribution, but it then refers to the discrepancy in income which will result from the difference in profit potential between the two Berry Patch stores. Reversal of the alimony award will give the chancellor appropriate flexibility in reconsidering the distribution of marital property if she chooses to do that rather than readopt the unequal distribution with an explanation as the statute requires.

Reversed and remanded on appeal and reversed and remanded on cross-appeal.