## V.E. HARVEY v. S.L. HARVEY

89-27                                                    766 S.W.2d 935

Supreme Court of Arkansas
Opinion delivered March 27, 1989

*Dodds, Kidd, Ryan & Moore*, by: *Greg Alagood*, for appellant.

*Wallace, Hamner & Arnold*, for appellee.

DAVID NEWBERN, Justice. This is the second appeal in a

divorce case. By our earlier decision we remanded the case because the property of the parties had been divided unequally without the chancellor having stated reasons as required by Ark. Code Ann. § 9-12-315(a)(1)(B) (Supp. 1987). We also reversed an alimony award to the former wife, S.L. Harvey, of $1000 per month because we could not tell whether the alimony award was related to the unequal property distribution, and we intended to give the chancellor flexibility in refashioning the decree if necessary. *Harvey* v. *Harvey*, 295 Ark. 102, 747 S.W.2d 89 (1988).

After our decision was rendered, S.L. Harvey filed a motion for alimony. A hearing was held on August 9, 1988, resulting in an order reinstituting the original decree, including the $1000 per month alimony. The order recited that the original decree had divided marital property unequally and that the alimony award was intended to compensate S.L. Harvey for the disparity. The order also recited the reasons for the unequal property distribution.

At the hearing counsel for V.E. Harvey moved orally for a reduction in the amount of alimony because he was unable to pay. The chancellor refused to hear V.E. Harvey's evidence because the motion had not been made in writing and because she and opposing counsel were not prepared to go into the issue of changed circumstances or V.E. Harvey's current ability to pay. The chancellor noted that she had set aside time for a further hearing in October, 1988, at which counsel could present evidence on that issue.

V.E. Harvey argues now that the chancellor abused her discretion in reinstituting the $1000 per month alimony award without taking evidence on the elements we said should be considered in *Sutton* v. *Sutton*, 266 Ark. 451, 587 S.W.2d 67 (1979). While it is true the chancellor took no evidence at the August 9, 1988, hearing, she based the reinstitution of the original decree, with the appropriate explanation of the unequal property distribution, upon evidence taken at the previous hearings in the case. In support of his argument that he is unable to pay alimony, V.E. Harvey recites some of the evidence from the earlier hearings. Much of the evidence recited came from his own testimony which the chancellor clearly said she did not believe.

V.E. Harvey does not argue that the original decree was improper because an indefinite alimony award should not be used to equalize property distribution, and we do not reach that issue. His only arguments are that the record shows his inability to pay and the chancellor reinstituted her decree without hearing further evidence. His additional evidence could have been presented at the scheduled hearing, but he chose to appeal instead. We find no fault in the reinstitution of the original decree, as corrected, and no error in refusing to take evidence immediately on Mr. Harvey's oral motion.

Affirmed.