

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-12-689

ED BLALOCK

APPELLANT

V.

CLAUDETTE BLALOCK

APPELLEE

**Opinion Delivered** November 6, 2013

APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT
[NO. DR-2010-1311]

HONORABLE G. CHADD MASON, JUDGE

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

## RHONDA K. WOOD, Judge

Appellant Ed Blalock contests a Washington County Circuit Court's final order setting child support, alimony, and dividing marital property as part of his divorce from appellee Claudette Blalock. Ed contends that the court erred (1) in ordering that he provide health insurance for the parties' adult daughter; (2) by not determining the present value of the divided property; (3) in finding that the proceeds from the sale of his law firm were marital property; (4) in the determination of child support for the parties' minor children; and (5) in the determination of alimony. We reverse on the issues of health insurance and child support, and we affirm in all other respects.

We review domestic-relations cases de novo, but we will not reverse a circuit court's finding of fact unless it is clearly erroneous. *See Hunter v. Haunert*, 101 Ark. App.

 

93, 270 S.W.3d 339 (2007). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that the circuit court has made a mistake. *Id.* In reviewing a circuit court's finding, we give due deference to the court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Brown v. Brown*, 373 Ark. 333, 284 S.W.3d 17 (2008).

## I.    *Health Insurance*

Ed's first argument is that the circuit court erred in ordering that he continue to provide health insurance for his adult daughter. Claudette does not contest this on appeal. Absent specific extenuating circumstances, not applicable in this case, the general rule in Arkansas is that a parent is only legally obligated to support his or her child until the time the child reaches majority. *Babb v. Matlock*, 340 Ark. 263, 9 S.W.3d 508 (2000). We agree with both parties and reverse the circuit court's ruling on this issue.

## II.    *Present Value of Marital Property*

Next, Ed contends that the court erred in not determining the present value of certain marital property, specifically three notes[1] the court awarded him in the division of marital property. He believes that they are not collectable, which makes the property distribution unequal.

Marital property must be divided equitably in a divorce. Ark. Code Ann. § 9-12-315 (Repl. 2009); *Williams v. Williams*, 82 Ark. App. 294, 108 S.W.3d 629 (2003).

---

[1]The three notes in question included a loan to Ed's sister, a loan to Ed's father, and the note from the sale of Ed's law practice in Nevada.

Arkansas Code Annotated section 9-12-315(a)(1)(A) provides that all marital property shall be distributed one-half to each party unless the court finds such a division to be inequitable. The statute indicates that when a court finds such a division to be inequitable, the court must state, in its order, why it did not equally divide the marital property. Ark. Code Ann. § 9-12-315(a)(1)(B).

Courts do not have to be mathematically precise when distributing property; the statute's interest is in an equitable division. *Williams*, 82 Ark. App. at 313, 108 S.W.3d at 641. A circuit court has broad powers and a measure of flexibility to apportion property to achieve an equitable division. *Id*. The critical inquiry is how the total assets are divided. *Id*. Our standard of review is significant: we will not substitute our judgment as to how the court should have divided the property; we only decide whether the order is clearly wrong. *Id*.

The circuit court listed the approximate values of the notes awarded to Ed. While Ed disagrees with the court's value, we give due deference to the circuit court to weigh the credibility of witness testimony, and there was ample evidence in the record to support the court's approximate present values of these notes. From a review of the record, we cannot say the court erred in its determination of the value of the notes in question or in its distribution of the property.

### III. *Classification of Note from Sale of Law Practice*

Ed additionally argues that the circuit court erred in finding that the promissory note for the sale of his Nevada law firm was marital property instead of separate property, thus skewing the circuit court's equitable division of the couple's property. The burden

3

SLIP OPINION

was on Ed to establish that the property was his separate non-marital property. *See Johnson v. Johnson*, 2011 Ark. App. 276, 378 S.W.3d 889.

Although Arkansas Code Annotated section 9-12-315(b)(1) excludes property that is acquired prior to the marriage from the definition of marital property, our court has articulated an exception to this rule for the active appreciation in value of non-marital assets. *Johnson, supra.* When one spouse makes significant contributions of time, effort, and skill directly attributable to the increase in value of non-marital property, the presumption arises that such increase belongs to the marital estate. *Id.* Additionally, the court may consider a spouse's services to the family that directly or indirectly contribute to the non-marital property's appreciation in value. *Id.*

Though Ed established his law firm prior to marrying Claudette, the record reflects that Claudette worked at the firm after their marriage. Further, both parties' testimony reflects that Claudette was largely responsible for raising their three children and taking care of their household. The record shows that Ed was only able to devote the majority of his time and energy to the success of the law practice because Claudette was taking care of the children and the home. Based on the record, the court did not err in finding that Claudette's direct and indirect contributions to the firm increased the firm's value, and that she is entitled to her portion of the proceeds from the sale, which means she is entitled to a portion of the proceeds from the subsequent promissory note.

IV. *Child Support*

Ed argues that the circuit court erred in making its child-support award because it did not account for the child-custody arrangement affording each party equal time with

the children. While we do not find merit in this argument, as Claudette was named primary custodial parent of the parties' two children, we do find that the child-support award does not meet the guidelines outlined in Arkansas Code Annotated section 9-12-312 (Repl. 2009).

Arkansas law provides that the appropriate method for determining the amount of child support to be paid by the noncustodial parent is by reference to a family-support chart. *Davis v. Bland*, 367 Ark. 210, 238 S.W.3d 924 (2006). The circuit court's order does not comply with Administrative Order No. 10. Under section (I) of the administrative order, the circuit court's order "shall contain [1] the court's determination of the payor's income, [2] recite the amount of support required under the guidelines, and [3] recite whether the court deviated from the Family Support Chart." Ark. Sup. Ct. Admin. Order No. 10(I). The circuit court's order does not contain a determination of Ed's income, does not refer to the guidelines, and does not recite whether it deviated from the family-support chart.[2] Therefore, we reverse and remand for further findings by the circuit court in compliance with Administrative Order No. 10 and Arkansas Code Annotated section 9-12-312 regarding the portion of the order devoted to Ed's child-support obligations.

## V. *Alimony*

Last, Ed claims that the circuit court erred in its award of alimony to Claudette. The purpose of alimony is to rectify economic imbalance in the earning power and the

---

[2]Our presumption is that the circuit court deviated from the chart as the amount of child support ordered, $836, does not exist on the chart.

standard of living of the parties to a divorce in light of the particular facts of each case. *Harvey v. Harvey*, 295 Ark. 102, 747 S.W.2d 89 (1988). The primary factors that a court should consider in determining whether to award alimony are the financial need of one spouse and the other spouse's ability to pay. *Id*. The trial court should also consider the following secondary factors: (1) the financial circumstances of both parties; (2) the amount and nature of the income, both current and anticipated, of both parties; (3) the extent and nature of the resources and assets of each of the parties; and (4) the earning ability and capacity of both parties. *Anderson v. Anderson*, 60 Ark. App. 221, 963 S.W.2d 604 (1998). The amount of alimony should not be reduced to a mathematical formula because the need for flexibility outweighs the need for relative certainty. *See Mitchell v. Mitchell*, 61 Ark. App. 88, 964 S.W.2d 411 (1998).

Here, the evidence before the court was that, during the nineteen-year marriage, Claudette worked little and tended to the home while Ed supported the family financially. Ed has a law degree, has run a successful law practice, and his earning capacity was and is much higher than Claudette's. The circuit court's order that Ed pay Claudette $2,500 per month in alimony for four years was supported by the record, and we affirm.

Affirmed in part; reversed and remanded in part.

GLADWIN, C.J., and PITTMAN, J., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Rhoads Law Firm*, by: *Johnnie Emberton Rhoads*, for appellee.