MIKE MURPHY, Judge
Katia Colston appeals the January 3, 2018 order of the Washington County Circuit Court denying her petition to modify visitation for purposes of relocation. On appeal, she argues that the circuit court erred in finding that relocation was not in the child's best interest. We affirm.
Katia Colston and Walter Jackson Williams had a daughter together in December 2007. They were not married. An order establishing paternity, visitation, and child support was entered in 2009. Colston had primary custody and Williams received visitation. From that point, some *550 contentious litigation between the parties ensued. In 2010, Williams petitioned for a change in custody and contempt, and Colston counterclaimed for modified visitation. Colston was found in contempt for failing to communicate healthcare information about the minor child to Williams. Williams's petition for a change in custody was denied, and Colston's counterclaim for a new visitation schedule was granted. The parties and the child were all ordered to see a therapist to develop a visitation schedule. The subsequent order established a new visitation schedule and directed the parties to continue counseling to work on coparenting.
In 2016, Williams again filed a motion for contempt and a petition for modification of visitation alleging that Colston was interfering with his visitation. Colston was again found in contempt, and the parties were ordered to continue counseling together. An ad litem was appointed, and the issue of visitation was reserved. In February 2017, an agreed order modifying visitation was entered, but the record demonstrates that Colston was unhappy with the agreement. Approximately three days after this order had been entered, Colston applied for a job that would require her to relocate from Northwest Arkansas. Colston did not tell Williams she was applying for the position. Nor did she tell Williams when she received the promotion in April, despite having ample opportunity to do so. Instead, that June, she served him with a motion to modify his visitation schedule. Colston's motion, effectively a petition to relocate, was denied in January 2018, and this timely appeal followed.
We review the denial of a petition to relocate de novo but will not reverse the circuit court's findings unless they are clearly erroneous. Parker v. Parker , 75 Ark. App. 90, 55 S.W.3d 773 (2001). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake was committed. Id.
The factors a circuit court must consider when determining whether to grant a petition to relocate are set out in Hollandsworth v. Knyzewski , 353 Ark. 470, 109 S.W.3d 653 (2003), holding modified on other grounds by Cooper v. Kalkwarf , 2017 Ark. 331, 532 S.W.3d 58. These factors include (1) the reason for relocating; (2) the educational, health, and leisure opportunities available in the new location; (3) the effect of the move on the visitation and communication schedule of the noncustodial parent; (4) the effect of the move on extended family relationships in Arkansas and the new location; and (5) the child's preferences, considering the age and maturity level of the child and the reasons given for the preference. Id. Even when these factors are considered, the polestar interest remains whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interest. Id. A presumption exists in favor of relocation for custodial parents with primary custody, with the burden being on a noncustodial parent to rebut the presumption; therefore, a custodial parent is not required to prove a real advantage to herself and to the children in relocating. Id.
At the conclusion of the hearing, the circuit court made extensive findings from the bench. It noted that it had carefully evaluated the credibility of the witnesses and the findings were based on those observations. The court found it was telling that Colston had applied for a new job out of state so shortly after the agreed order had been entered and had not told Williams about it until June 21, 2017, even though Colston had been hired by the end of April. It noted that the history of the *551 communication and visitation issues and conflicts was relevant to provide a context to evaluate Colston's "actual reason" for the relocation. Considering the first Hollandsworth factor, the court found that "the reason for this proposed relocation is to thwart Mr. Williams'[s] visitation time with his daughter and to further interfere with his relationship with his daughter, which the Court finds is clearly contrary to the child's best interest."
Applying the other factors, the court found that the education, health, and leisure opportunities in Bentonville, Arkansas and Denver, Colorado were almost identical. Regarding visitation, the court noted that the parties have had problems with that in the past. Williams, whom the court found to be credible, testified that Colston interferes with telephone visitation. The court voiced concerns that Colston would not adhere to a visitation schedule based on past findings of contempt and the lack of communication, including Colston's failure to tell Williams of the planned move to Denver. Because there was no family living near Colorado, the court found that moving would have an adverse impact on extended family relationships. Finally, regarding the child's preference, the child had stated that she wanted to go to Colorado, but the court did not give much weight to the statement because of the child's young age. The ad litem recommended that the petition be denied, stating that the move would adversely affect the child's relationship with her father and would not be in her best interest.
Colston faults the circuit court's ruling for failing to mention her long-term career planning and ambitions. It is true that Colston, if she were to move, would advance within her company and get a raise. Even still, Colston asks us to reweigh the evidence in considering this against the other considerable and supported findings made by the circuit court. We are required to give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses, and this deference is even greater in cases involving child custody or visitation, because a heavier burden is placed on the circuit court to utilize to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the child. Favano v. Elliott , 2012 Ark. App. 484, at 8, 422 S.W.3d 162, 167.
Colston also argues that the court ignored the six years that the parties were not actively litigating the case and that it was error for the court to "go behind" the February 2017 agreed order. However, a court may consider the custodial parent's interference with the noncustodial parent's visitation when determining the best interest of the child. Turner v. Benson , 59 Ark. App. 108, 953 S.W.2d 596 (1997). Nor did the court err in considering the presumption in favor of relocation rebutted when there is a supported finding that the relocation was for the sole purpose of thwarting visitation. Sill v. Sill , 94 Ark. App. 211, 219, 228 S.W.3d 538, 544 (2006).
The circuit court's findings were supported by the record. Williams rebutted the presumption in favor of relocation and demonstrated the move would not be in the child's best interest. We are not left with a definite and firm conviction that a mistake has been made.
Affirmed.
Abramson and Gladwin, JJ., agree.