Robert j. Gladwin, Judge, dissenting.
Arkansas law today steps deeper into the swamp that is Hollandsworth . I am not left with a definite and firm conviction that the circuit court erred; therefore, I respectfully dissent.
We review the denial of a petition to relocate de novo for clear error. Colston v. Williams , 2018 Ark. App. 455, at 2, 556 S.W.3d 548, 550. Arkansas appellate courts have repeatedly stated that they give due deference to the circuit court's superior position to determine the credibility of witnesses. See Ford v. Ford , 347 Ark. 485, 491, 65 S.W.3d 432, 436 (2002). The majority holds that the circuit court erroneously shifted the burden of proof to the appellant. My review of the case convinces me that the circuit court did not shift the burden and its order should be affirmed.
The only witnesses to testify were the parties, and the majority opinion recites the majority of the testimony. However, some additional testimony is helpful. Appellant testified that she planned to further her education to complete her bachelor's degree in science and to prepare for the MCAT. She stated that she currently makes ends meet but that an eight-to-five job would not allow her to go to school. Appellant is currently a registered nurse, but she acknowledged that she did not have a job offer in Canada and that she was not licensed to work in the healthcare field in Canada. She currently nets approximately $ 3000 a month from nursing in Arkansas. Appellant did not have an exact amount for the anticipated cost of living in Winnipeg and recognized that neither she nor appellee have the financial resources to cover the expensive transportation costs back and forth for visitation. Appellant stated that her parents could come to Canada and stay a "short while." She also testified that she was currently enrolled in the University of Manitoba in a biology class and was on a waiting list for two chemistry classes. Appellant explained that she had secured a one-bedroom apartment in Winnipeg-but acknowledged that she had not signed a lease-after living in a two-bedroom apartment in Fayetteville. She stated that her two children, one or both of her parents, and she would live in the one-bedroom apartment in Winnipeg for the time being. Appellant has no family living in the city or province where she intends to move. She also testified that appellee has another child who has a sibling relationship with her two children.
The parties each testified about the potential move and the circumstances surrounding it. At the close of the case, the circuit court stated,
We are back on the record in DR-2016-0279 Melita (Cox) Nicola v. Nathan Cox . In this type of case, the State of Arkansas has set out specifics as to what a circuit judge is to look at to determine whether or not relocation should occur. As I am sure your attorneys *719 have explained to you both, the presumption is that relocation is allowable and should occur, but the respondent has the burden and the possibility to rebut that presumption.
In listening to the testimony in this case, I'll be honest, I'm not sure we even get to the Hollandsworth , but I will definitely go through the five factors in Hollandsworth.
In the circuit court's written order, paragraph 4 states the following:
The Court, mindful of the presumptions of and provision of the Hollandsworth decision as well as the subsequent decisions up to and including the Cooper v. Kalkwarf opinion of the Arkansas Supreme Court, does for the reasons recited in the Court's bench opinion, the same being incorporated herein as if set out word for word (see attached), find that the requested move of the plaintiff is speculative at best, that such a move would not be in the best interests of the parties' minor children, and that the defendant has successfully rebutted any presumption that might otherwise be afforded to the plaintiff in regard to her requested relocation and the resulting modification of the Court's prior orders.
These two statements by the circuit court convince me that the court understood the Hollandsworth presumption and correctly applied it. The majority picks some ill-advised comments made by the circuit court to support reversal. These comments would have had no bearing on this case had the circuit court not taken the unusual act to incorporate them into its written order. See Nat'l Home Ctrs., Inc. v. Coleman , 370 Ark. 119, 257 S.W.3d 862 (holding that the written order controls over an oral order).
The majority opinion further muddies the Hollandsworth waters by placing the noncustodial parent in the impossible position of proving a negative. For example, a custodial parent can simply announce he or she is leaving Arkansas to move to Los Angeles, California, to enter the film industry. When questioned about (1) where the child will live, (2) where the child will attend school, (3) what the communication schedule will be, (4) the effect of the move on the family relationships, and (5) the child's preference, the custodial parent can simply answer, "I haven't decided yet," or "I don't know." The noncustodial parent is required to rebut this lack of evidence. One can easily conjure up scenarios in which such a life in Los Angeles would be in the child's best interest, but one could also imagine scenarios in which the move would not benefit the child. This establishes an impossible burden for the noncustodial parent to meet.
The majority states that the custodial parent is not required to prove that the move would be beneficial to the custodial parent or the children. However, the polestar in making a relocation determination is the best interest of the child, considering the five Hollandsworth factors. In the current case, the circuit court looked at the evidence and determined that the move was not in the children's best interest. I cannot say the court erred.
Murphy, J., joins.