Cite as 2020 Ark. App. 362

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CV-19-921

| | | |
|---|---|---|
| TABITHA LOVING | | **Opinion Delivered:** September 2, 2020 |
| | APPELLANT | |
| | | APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. 03DR12-153] |
| V. | | |
| | | HONORABLE JOHN R. PUTMAN, JUDGE |
| SHAWN LOVING | | |
| | APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

In this one-brief appeal, appellant Tabitha Loving appeals the September 6, 2019 decree from the Baxter County Circuit Court denying her petition to relocate with the parties' minor children to Florida. For the following reasons, we affirm.

Tabitha and appellee Shawn Loving were married on April 27, 2002, and were divorced on November 8, 2012. The parties' divorce decree incorporated a separation and property-settlement agreement in which the parties would share joint custody of their two minor children. On August 5, 2014, the circuit court entered an agreed final order that modified the earlier decree to award Tabitha full custody of the children, with Shawn having visitation every Wednesday and every other weekend.

In April 2017, Tabitha filed a motion seeking a substituted visitation schedule in accommodation of her request to relocate to Florida. Shawn then filed a counterpetition pleading for full custody of the children or, in the alternative, that his child support be

reduced. His counterpetition also alleged Tabitha was in contempt of court orders as she was residing with a man to whom she was not married.

The circuit court held a hearing on August 22, 2017, and entered an order on November 17 denying Tabitha's motion to relocate. The court also denied Shawn's petition to reduce his child-support obligation. The court also found that Tabitha was in contempt of the agreed order but assessed no punishment for her action. Tabitha appealed, and this court, in case No. CV-18-217, found that the circuit court's order was not final and dismissed the appeal without prejudice.

On September 6, 2019, the circuit court entered a final, appealable order, and the instant appeal is now properly before our court. Tabitha argues that the circuit court erred in finding that Shawn had met his burden to rebut the presumption that relocation would be in the best interest of the children and argues the circuit court incorrectly based its decision on whether she "showed a real advantage to the proposed relocation." Her arguments are without merit.

We review child-custody cases de novo and will not reverse a circuit court's findings unless they are clearly erroneous. *Gibson v. Gibson*, 2010 Ark. App. 741. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been committed. *Id*. Whether the circuit court's findings are clearly erroneous turns largely on the credibility of the witnesses, and we give special deference to the superior position of the circuit court to evaluate the witnesses, their testimony, and the child's best interest. *Id*. In fact, there are no cases in which the superior position, ability, and opportunity of the circuit court to observe the parties carry as great a weight as those involving minor children. *Id*. The primary consideration in child-custody

cases is the welfare and best interest of the children; all other considerations are secondary. *Fox v. Fox*, 2015 Ark. App. 367, 465 S.W.3d 18.

In determining whether a parent may relocate with a minor child, a circuit court must generally look to the principles set forth in *Hollandsworth v. Knyzewski*, 353 Ark. 470, 109 S.W.3d 653 (2003). In that case, our supreme court announced a presumption in favor of relocation for custodial parents with sole or primary custody, with the noncustodial parent having the burden to rebut this presumption. *Hollandsworth*, 353 Ark. at 485, 109 S.W.3d at 663. The *Hollandsworth* presumption should be applied only when the parent seeking to relocate is not only labeled the "primary" custodian in the divorce decree but also spends significantly more time with the child than the other parent. *Id*.; *Tidwell v. Rosenbaum*, 2018 Ark. App. 167, 545 S.W.3d 228.

The factors for a circuit court to consider when determining whether to grant a petition to relocate include (1) the reason for relocating; (2) the educational, health, and leisure opportunities available in the new location; (3) the effect of the move on the visitation and communication schedule of the noncustodial parent; (4) the effect of the move on extended family relationships in Arkansas and the new location; and (5) the child's preferences, considering the age and maturity level of the child and the reasons given for the preference. *Id*. Even when these factors are considered, the polestar interest remains whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interest. *Id*. A presumption exists in favor of relocation for custodial parents with primary custody, with the burden being on a noncustodial parent to rebut the presumption; therefore, a custodial parent is not required to prove a real advantage to herself and to the children in relocating. *Hollandsworth*, 353

3

Ark. 470, 109 S.W.3d 653, *holding modified on other grounds by Cooper v. Kalkwarf*, 2017 Ark. 331, 532 S.W.3d 58.

On this record, we are not left with a distinct and firm impression that the circuit court made a mistake. Applying the factors, the circuit court found that both of the children were excelling in the Mountain Home School District. The daughter had all As in pre-advanced-placement classes. Both parents acknowledged that their son has a learning disability that requires him to have an Individualized Education Plan (IED). Evidence was presented that outlined the accommodations the Mountain Home School District was providing the parties' son. With those specialized plans in place, the son had made all Bs in a mainstream fourth-grade classroom.

Regarding the children's health, the court noted that the parties' daughter had been diagnosed with scoliosis that requires her to be seen by a specialist at Arkansas Children's Hospital in Little Rock, and she is seen regularly by a chiropractor in Mountain Home. No evidence was presented that her medical care provided in Arkansas was inferior or ineffective.

Tabitha testified that despite her daughter's scoliosis, she excelled as a softball player and dreamed of playing for the University of Florida Gators and being an Olympic athlete. However, there was no evidence presented that those dreams would be better realized by moving to Florida and enrolling the parties' daughter in school and extracurricular activities there. No out-of-state coaches had seen her play any sport or recruited her to play for a school in Florida.

At the hearing, Tabitha also testified that she wanted to move to Florida because her husband "of approximately two weeks" enjoys the climate and leisure opportunities that

Florida offers. Neither she nor her husband had employment in Florida. Tabitha testified that she would like to further her education at a local college in Florida and that she felt her job in Mountain Home was in jeopardy of being eliminated, although she had not been fired or laid off.

On cross-examination, Tabitha admitted sending Shawn a text message saying she wanted to move to Florida to get away from him and that she did not want to be known as his ex-wife. Neither party has any family in Florida while both parties' extended families reside in Arkansas.

At its core, Tabitha's argument is that we should reweigh the evidence in a manner that is more favorable to her, but credibility determinations are left to the circuit court, and we will not reweigh the evidence. *See Colston v. Williams*, 2018 Ark. App. 455, 556 S.W.3d 548; *Glisson v. Glisson*, 2018 Ark. App. 21, 538 S.W.3d 864. Given our standard of review and the special deference we give circuit courts to evaluate the witnesses, their testimony, and the children's best interest, we cannot say that the circuit court clearly erred in finding that Shawn rebutted the presumption in favor of relocation and demonstrated the move would not be in the best interest of the parties' children. Accordingly, we affirm.

Affirmed.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Scholl Law Firm, P.L.L.C.*, by: *Scott A. Scholl*, for appellant.

One brief only.

5